## The Third National Bank of Philadelphia *versus* Miller *et al.*

1. Where a national bank charges usurious interest on overdrafts it thereby loses the right to recover any interest at all.

2. Where an action is brought nominally upon a promissory note, which was held as collateral by a national bank for overdrafts upon it by another bank, the suit is actually to recover the overdrafts against the makers of the note as sureties, and if usurious interest has been charged, the makers may defalcate all the interest charged against the whole amount of overdrafts claimed.

3. The fact that there were monthly accounts between the banks, which were stated accounts, does not preclude such sureties from setting up an illegal charge of usury.

4. Nor does the fact that the bank, which had made the overdrafts, charged illegal interest to their customers on the notes discounted for it by the national bank affect the right of the sureties to set up, as against the national bank, its violation of the Act of Congress, in charging usurious interest.

May 12th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON and TRUNKEY, JJ. PAXSON, WOODWARD and STERRETT, JJ., absent.

Error to the Court of Common Pleas, of *Cumberland county:* Of May Term 1878, No. 191.

Debt by the Third National Bank of Philadelphia, upon the following promissory note, against the signers thereof, the President and Directors of the Farmers' and Mechanics' Bank of Shippensburg, Pennsylvania:

$20,000.                        Shippensburg, Pa., Nov. 22d 1873.

One day after date we jointly and severally promise to pay to the order of J. Hiram Hubley, cashier, twenty thousand dollars, without defalcation, value received. This note to be held as collateral by Third National Bank, Philadelphia, for the payment of any

9 NORRIS—16

[Third National Bank *v.* Miller.]

overdrafts by the Farmers' and Mechanics' Bank of Shippensburg, Pa.          Signed,          A. G. MILLER, President,
JAMES B. ORR,
J. M. MEANS,
T. P. BLAIR,
H. G. SKILES,
HENRY SNYDER,
JOHN A. AHL.

The Farmers' and Mechanics' Bank of Shippensburg, about 1868, opened an account with the Third National Bank of Philadelphia. Each bank kept both debit and credit sides of the account. The Farmers' and Mechanics' Bank sent to the Third National Bank notes for collection, checks and drafts on other banks, currency and other cash items; all of which it charged in its account to the Third National Bank, and the latter in its account credited to the Farmers' and Mechanics' Bank. The Third National Bank also discounted for the Farmers' and Mechanics' Bank notes taken by the latter, and also notes drawn by the individuals composing the directors of the Farmers' and Mechanics' Bank for the accommodation of the latter. The proceeds of these notes were in like manner respectively charged and credited in the accounts kept by each bank with the other. The Farmers' and Mechanics' Bank also issued drafts on the Third National Bank, which were credited and charged in the several accounts. The Third National Bank sent collections, checks on other banks and currency to the Farmers' and Mechanics' Bank, and all these items entered into the accounts. At the end of each month, the Third National Bank sent an account-current, as kept by it during the month, to the Farmers' and Mechanics' Bank. The latter, after examining the account and comparing it with its own, reported to the Third National Bank that it had received the account; that it agreed with its books, and what the balance due was. With this balance, the account for the ensuing month in the Third National Bank would open, and the credits and debits were then continued during this month until its close; and so the accounts continued from month to month. The last report made by the Farmers' and Mechanics' Bank was in March 1875, for the month of February 1875. About September 1873, the Farmers' and Mechanics' Bank began to be indebted to the Third National Bank, and in November of that year its overdraft became very heavy. To secure this the above note was drawn by the individual members of the board of directors. This note was duly endorsed by J. Hiram Hubley, cashier, and delivered to the Third National Bank, and this suit was brought thereon to recover the overdraft by the Farmers' and Mechanics' Bank on the Third National Bank. On the average daily balance due by the Farmers' and Mechanics' Bank for each month interest would be charged and entered in the account. The

interest thus included in the overdraft amounted to $7893.30, and was in excess of the legal rate. Of this amount, $1324.15 were recouped by defendants in a former suit.

At the trial before Herman, P. J., the plaintiff submitted, inter alia, the following points, to which are subjoined the answers of the court:

1. No excess of interest having been charged or exacted on the note in suit, or upon any evidence of indebtedness in suit, and the defendants having paid no such excess of interest, there has been no forfeiture of interest under the Act of Congress on the subject.

Ans. "Refused."

2. The Act of Congress providing that excess of interest "shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon," destroys the interest bearing quality of the note only while it is running, but whenever a right to sue on the note, bill, or other evidence of indebtedness accrues, or when it becomes due and demand is made for its payment, interest is chargeable on the amount received from such time.

Ans. "This point is refused. The taking, receiving, reserving or charging usurious interest on a note, bill, or other evidence of debt destroys its interest-bearing power, and this taint continues whilst it represents the indebtedness."

3. An account current furnished by one party to the other, if not objected to in a reasonable time, becomes a settled account, and the plaintiff having furnished to the Farmers' and Mechanics' Bank of Shippensburg, Pennsylvania, its account current monthly for each month to March 1st 1875, the receipt of which was acknowledged by the Farmers' and Mechanics' Bank, as well as the correctness of the accounts so furnished, the accounts between the two banks became thereby settled accounts, and all notes for excess of discount in which the defendants claim an offset that enters into and are alleged to have formed a part of such accounts were thereby settled and paid in law, and the only remedy that remains for such excessive interest is an action under the Act of Congress for the penalty incurred by that act; and only $8.66 of such discount entering into the account after March 1st 1875, only that amount can be set off.

Ans. "Refused. It is true that monthly balances were rendered and charged up at the end of every month, and to that extent were monthly settlements made; but the right of these defendants to have recouped the usurious interest paid is not for that reason extinguished."

The court was also asked to charge that, as far as the transaction in discounting notes were concerned, the Farmers' and Mechanics' Bank paid no illegal discount, nor had agreed to do so, but was the mere agent for the party from whom it took the notes. Refused.

[Third National Bank *v.* Miller.]

The defendants, inter alia, submitted the following point, to which is appended the answer of the court:

The defendants having shown that plaintiff has charged as interest on balances the sum of $1982.17, all of which was at usurious rates, and that there is included in said account interest charged on notes discounted to amount of $5911.13, all at usurious rates, these two items amounting in the aggregate to $7893.30, should be deducted from claim of plaintiff, and that no interest should be allowed on plaintiff's claim.

Ans. "Of the aggregate amount of interest, $7893.30, the sum of $1324.15 was recouped in suit No. 77, November Term 1875, and it being a proper credit in that case and one to which the defendants in that case were lawfully entitled, it cannot be deducted again in this suit. These defendants are not entitled to it. Deducting it then from the aggregate usurious interest, $7893.30, leaves the sum of $6569.15, which must be recouped from the balance sued for. The balance sued for being $12,403.27, you will deduct therefrom the sum of $6569.15, and the balance $5834.12 should be the amount of your verdict for the plaintiff."

The verdict was in accordance with this instruction, and after judgment the plaintiff took this writ, and assigned for error, inter alia, the answers to the above points.

*Duncan M. Graham, J. H. Graham* and *John Hays*, for plaintiff in error.—The Act of Congress destroys the interest-bearing quality of the note only while it is running; but when it matures, interest is chargeable thereon and is recoverable from that time. It is only the interest agreed to be paid during the running of the note that is forfeited: Lucas *v.* Government National Bank, 28 P. F. Smith 231; Overholt *v.* National Bank of Mount Pleasant, 1 Norris 493; Cake *v.* First National Bank, 5 W. N. C. 244; Ludwick *v.* Huntzinger, 5 W. & S. 60.

Usurious interest not exacted on the note in suit nor paid by defendants cannot be defalked: Bly *v.* Second National Bank of Titusville, 29 P. F. Smith 457; American Sewing Machine Co.'s Appeal, 2 Norris 293; Brown *v.* Second National Bank, 22 P. F. Smith 209.

Where an account is rendered, and no objection is made thereto, it becomes an account stated and the parties are concluded thereby. All interest and discount were therefore settled and paid in law: Bevan *v.* Cullen, 7 Barr 281; Thompson *v.* Fisher, 1 Harris 313; Sergeant's Ex'rs *v.* Ewing, 6 Casey 83; Killam *v.* Preston, 4 W. & S. 14; Van Amringe *v.* Ellmaker, 4 Barr 281; Phillips *v.* Tapper, 2 Barr 323; Bainbridge *v.* Wilcocks, Bald. 536.

Defendants are not entitled to credit for illegal interest neither paid by them nor by the Farmers' and Mechanics' Bank.

The bank had taken notes from parties to raise money on them,

and on being notified of the net proceeds, the bank credited the parties from whom it took the notes with the net proceeds of them. It was simply the agent to have the notes discounted. It paid no illegal discount, it was paid in reality by the parties for whom the discounts were obtained.

*W. Trickett, J. M. Weakley, F. E. Beltzhoover, W. F. Sadler* and *Lemuel Todd*, for defendants in error.—The payment, in fact, at any point of time in the history of a debt, of excessive interest, or the stipulation at any point of time in its history to pay *in futuro*, destroys the power of the debt to bear interest, under the general law, or in virtue of special agreement. Any interest paid is so much money to which the creditor has no legal claim, which he therefore holds for the debtor, and which the debtor can apply as payment *pro tanto* of a debt still subsisting, The cases cited by the plaintiff in error are authorities for this position.

Although defendants never agreed to pay usurious interest, they are entitled to defalk the forfeited interest as against this plaintiff: Campbell *v.* Sloan, 12 P. F. Smith 482; Brown *v.* Second National Bank, *supra*; Overholt *v.* National Bank, *supra*; Hartman *v.* Danner, 24 P. F. Smith 40; Cake *v.* First National Bank, *supra*; Mitchell *v.* Emery, *supra*; 4 W. N. C. 236; American Sewing Machine Company's Appeal, *supra*; Price's Appeal, 4 W. N. C. 207.

A debtor bank, which admits monthly balances, partly made up of excessive interest, and which are incorporated into each succeeding month's business, and each succeeding balance, is no more entitled to set up, as part payment these usurious elements, than a debtor who has given renewal notes, each of which incorporates usurious interest charged on its predecessors. The same usury which taints a series of notes, will taint a series of balances, in each of which are embraced sums charged in a previous balance for usurious interest.

In regard to the notes discounted for the Farmers' and Mechanics' Bank, the argument of the plaintiff is tantamount to saying, that if a borrower from a national bank, at usurious rates, himself lends these moneys at the same rates, or higher, the national bank can thus toll the right of its borrower under the Act of Congress.

The judgment of the Supreme Court was entered May 26th 1879,

PER CURIAM.—We have examined with care the several errors assigned in this case. It is unnecessary to discuss them separately. A statement of the principle upon which the cause turned, will show, we think, that no error was committed by the learned court in their rulings and charge to the jury. Though the action was nominally on a promissory note given by the defendants, yet, as it was expressed on its face that it was to be held as collateral

by the plaintiffs, for the payment of any overdrafts by the Farmers' and Mechanics' Bank of Shippensburg, it was actually a suit to recover those overdrafts against the defendants as sureties.    It cannot be disputed, that the defendants would be entitled to the benefit of whatever defence would be available to the Farmers' and Mechanics' Bank.    The plaintiffs, being a national bank, by charging more than six per cent. interest on these overdrafts, lost the right to recover any interest at all.    The point then, does the Act of Congress forfeit interest beyond the maturity of the note sued on, does not arise.    No recovery was had on the note; it was evidence merely of the obligation of the defendants to meet and answer the liability of the Farmers' and Mechanics' Bank on the overdrafts.    Admitting that the monthly accounts were stated accounts, that certainly never has been held to preclude a defendant from setting up an illegal charge of usury.    Nor can the fact that the Farmers' and Mechanics' Bank charged illegal interest to their customers on the notes discounted for them by the plaintiff, affect their right to set up as against the plaintiffs, their violation of the Act of Congress, under which alone they have any right to do business at all.        .                      Judgment affirmed.