## H. E. SHAFER *et al.* v. THE FIRST NATIONAL BANK OF RUSSELL.

1. NOTE—*Usury—Penalty.* Where a national bank makes a loan, and knowingly charges and receives a greater rate of interest than is allowed by the laws of the state where the bank is located, up till the maturity of the note, after which time it was agreed that the note should bear interest at a rate which was lawful, the receipt of the usurious rate will work a forfeiture of the entire interest which the note carries with it, including that which accrues after the maturity thereof.

2. JUDGMENT—*Interest.* A judgment rendered upon such a debt will bear interest from the time of its rendition at the rate of 6 per cent. per annum.

### *Error from Russell District Court.*

ACTION by the *Bank* against *Shafer* and another to recover on a promissory note. Judgment for the plaintiff. The de-

fendants bring the case to this court. The opinion states the facts.

*Ira E. Lloyd,* for plaintiffs in error.

*H. L. Pestana,* and *H. G. Laing,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On October 20, 1888, H. E. Shafer borrowed $1,400 from the First National Bank of Russell, Kas., and executed a note for that amount, due in 90 days after date, which was signed by J. C. Youngman, as surety, and which upon its face bore interest at the rate of 12 per cent. per annum from maturity. The bank charged and received from Shafer for the use of the money 18 per cent. per annum from the date of the note to the maturity of the same, namely, the sum of $84. The principal of the note was not paid, nor has any further payment of interest been made by the makers of the note. After its maturity, Shafer brought an action against the bank to recover double the amount of usurious interest which had been collected from him by the bank, and in that action recovered a judgment for the sum of $1,249.40, which was double the amount of the whole rate of interest charged and received by the bank from Shafer on the note in question, and other notes which he had given to the bank. When action was brought by the bank upon the $1,400 note, Shafer and Youngman answered that, by reason of the bank having charged a rate of interest in excess of the legal rate, there was a forfeiture of the entire interest which the note carried with it, and they also set up certain claims alleged to be due Shafer for services rendered in behalf of the bank as a set-off.

Upon the trial, the court found the facts hereinbefore stated, and also that there was due to Shafer, upon one of the defenses set up by him, for services rendered the bank the sum of $34.14. The court ruled that the bank was entitled to interest on the $1,400 note from its maturity, and that there was due thereon, after deducting the $34.14 found to

be due to Shafer for services, the sum of $1,603.86, for which judgment was given; and, it was further adjudged that the judgment so rendered should bear interest at the rate of 10 per cent. per annum. Complaint is made of these rulings, and plaintiffs in error insist that, upon the findings, no interest whatever should have been allowed upon the note; and, further, that the court erred in allowing interest upon the judgment that was rendered.

The action of the bank in charging and collecting a rate of interest in excess of the legal rate allowed in this state operated as a forfeiture of the entire interest which the note carried with it. The national-currency act expressly so provides. It forbids national banks from charging a greater rate of interest than is allowed by the laws of the state where the bank is located, and then provides that

"The taking, receiving or charging of a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon." (Rev. Stat. U. S., §§ 5197, 5198.)

In this case, the bank charged and collected 18 per cent. per annum until the maturity of the note, and it was agreed that after that time it should carry interest at the rate of 12 per cent. per annum. It will be observed that usurious interest, whether collected in advance or stipulated to be paid in the future, forfeits the entire interest agreed to be paid, or which the note carries with it.

Two remedies are provided for a violation of this provision, and one is, that in an action upon a note which stipulates for usurious interest to be paid in the future, no more can be recovered than the face of the note, less the interest charged or included therein. Another is, that if interest is charged and collected in advance, the person paying it, or his legal representatives, may, in an action in the nature of debt, recover twice the amount of interest paid, provided such action is commenced within two years from the time the usurious

transaction occurred. (*National Bank v. Grimes*, 49 Kas. 219.) The remedy, however, to which a party may be entitled under the act of congress, or of which he may avail himself, has nothing to do with the forfeiture of the interest which the note carries with it. Either the collection or receiving of usury in advance, or the stipulation for its payment in the future, forfeits the entire interest which the note carries with it, or which had been agreed to be paid thereon. The contract being tainted by the charge and collection of usury, no interest whatever is recoverable upon it, whether it accrued before or after the debt matured. The unlawful agreement forfeits the entire interest agreed upon or carried with the note, and the failure of the debtor to pay at maturity, or the delay of the creditor to bring an action thereon, cannot relieve the creditor from this penalty.

1. Note—usury —penalty.

In *National Bank v. Stauffer*, 1 Fed. Rep. 187, it was expressly decided that, "The receipt by a national bank of an usurious rate of interest upon the discount of a note works a forfeiture of such interest as would otherwise have accrued after the maturity of the note." The supreme court of Kentucky adopted this view, and held that, if usury has been agreed to be paid for any part of the time that the note is entitled to run, or that it may by indulgence run, such agreement forfeits the entire interest that the note or bill carries with it, whether it accrues before or after maturity. (*Alves v. National Bank*, 9 S. W. Rep. 504.) It follows that the bank was only entitled to recover a judgment for the face of the note, less the amount of the set off, $34.14, found to be due to Shafer for services, and the judgment will be so modified. A further modification must be made in the judgment with respect to the rate of interest which it shall bear. If no more than a legal rate of interest had been specified in the contract, the judgment would bear the same rate, up to 10 per cent. per annum. (Gen. Stat. of 1889, ¶ 3501.) But on account of the forfeiture of the entire interest by the unlawful agreement, this provision of the statute has no application.

The judgment is to be treated the same as though no rate of interest had been agreed upon, and it falls within the general

2. Judgment— *interest.* provision of the statute that all judgments of courts of record and justices of the peace shall bear interest from the time of their rendition at the rate of 6 per cent. per annum. (Gen. Stat. of 1889, ¶ 3500.)

The judgment of the lower court will, therefore, be modified in accordance with the views herein expressed, and the cause will be remanded to the district court, with direction to enter judgment in favor of the defendant in error for $1,365.86, and the judgment so rendered shall bear interest at the rate of 6 per cent. per annum from the time of its rendition.

All the Justices concurring.