JOHN H. BLACKWELDER v. THE ROCK ISLAND LUMBER MANUFACTURING COMPANY.

No. 694.* (58 Pac. 1019.)

PRACTICE, DISTRICT COURT—*Objection to Evidence*—*Ground of Objection.* "An objection to the introduction of testimony, to be available in this court for purposes of error, must, except perhaps in cases where the defect cannot be obviated by further proof, distinctly and clearly state the point of objection, so that we can see from the record that the very matter to which our attention is directed was presented to the mind of the trial judge." (*K. P. Rly. Co. v. Cutter*, 19 Kan. 83.)

Error from Sumner district court; J. A. BURNETTE, judge. Opinion filed November 20, 1899. Affirmed.

*James Lawrence*, and *Levi Ferguson*, for plaintiff in error.

*Amidon & Conly*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : The plaintiff in error brought this action in replevin in the district court of Sumner county to recover two horses, claimed to be exempt property, which had been levied upon and sold under attachment proceedings, in an action wherein the plaintiff in error was the defendant and the defendant in error was the plaintiff. The principal question presented for determination by the jury was whether or not the plaintiff was a resident of the state of Kansas at the date of the attachment levy. The record contains none of the evidence introduced by either party at the trial, except a purported copy of the poll-book of an election held in the town of Blackwell, Okla., on November 21, 1893, fifty days prior to the attachment

*Petition for order to certify denied by supreme court January 6, 1900.—REP.

levy, such poll-book showing that John Blackwelder voted at that election. The plaintiff in error claims that the court erred in admitting the poll-book in evidence before the jury, for the reason that the same was not duly certified as required by law. The record recites that evidence other than the poll-book was introduced tending to show that the plaintiff was a non-resident of this state at the date of the attachment levy, and, concerning the introduction of the poll-book, states that "the defendant offered in evidence, over the objection and exception of the plaintiff, the following paper," the ground of the objection not appearing. Verdict and judgment were in favor of the defendant.

The principal contention of the plaintiff in error is that the poll-book was not properly authenticated and that the trial court erred in receiving the same in evidence. The contention must be overruled, for the reason that no specific objection was made to the reception of the evidence complained of. In the case of *K. P. Rly. Co. v. Cutter*, 19 Kan. 83, an objection was made to the admission in evidence of a record of the probate court of the territory of Colorado, the objection being that it was "incompetent." While deciding that the record was not properly authenticated, the supreme court held that the objection was too general, and that it did not distinctly and clearly call the attention of the trial court to the defective authentication of the record. The second paragraph of the syllabus reads:

"An objection to the introduction of testimony, to be available in this court for purposes of error, must, except perhaps in cases where the defect cannot be obviated by further proof, distinctly and clearly state the point of objection, so that we can see from the record that the very matter to which our attention is directed was presented to the mind of the trial judge."

No question arises upon the giving of the instructions, as no exception was taken thereto. . The motion to dismiss has been considered and its grounds found to be insufficient. The judgment of the trial court is affirmed.