T. N. Jamieson, Receiver,

*v.*

Henry Jurgens *et al.*

*Opinion filed February 21, 1902.*

1. Loan associations—*when loan is tainted with usury.* Where the only statutory provision respecting loans by a building and loan association, in force at the time a loan is made, requires that it shall be by competitive bidding, the making of the loan at an arbitrary premium renders the transaction usurious, if the total amount paid for using the money exceeds the legal interest.

2. The questions involved in this case have been discussed and determined in *Borrowers' and Investors' Building Ass.* v. *Eklund,* 190 Ill. 257, the decision of which case is controlling here.

*Jurgens* v. *Jamieson,* 97 Ill. App. 557, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. Dunne, Judge, presiding.

E. M. Ashcraft, (R. M. Ashcraft, of counsel,) for appellant.

E. F. Hermann, and E. M. Winston, for appellees.

Mr. Justice Hand delivered the opinion of the court:

This is a bill in chancery filed in the circuit court of Cook county by the appellant, as receiver of the Northwestern Loan and Building Association, a corporation organized in this State under an act entitled "An act to enable associations of persons to become a body corporate to raise funds to be loaned only among the members of said association," (1 Starr & Cur. Stat. 1896, chap. 32, p. 1045,) to foreclose a mortgage to said association given by Henry Jurgens and Louisa Jurgens, his wife, on certain real estate situated in the city of Chicago, to secure the bond of Henry Jurgens in the penal sum of $12,000 to secure a loan to him by the association of $6000, made

April 19, 1887. An answer was filed admitting the execution of the bonds and mortgage, and averring that the money was not put up to the highest bidder on the competitive plan and bid off by the appellant, but that the directors arbitrarily fixed the premium which he was required to bid in order to secure the loan, and that the transaction was usurious, and that the bond and mortgage had been fully paid. The case was referred to a master to take proofs and report his conclusions. The master reported that there remained due the association on November 8, 1899, $5478.02, and a decree of foreclosure and sale was entered for that amount. A writ of error was sued out from the Appellate Court for the First District, and the decree was reversed without remanding, and an appeal has been prosecuted to this court.

It appears from the pleadings, evidence and master's report that Henry Jurgens, on the 19th day of April, 1887, made a loan from the association, and received from the association, on or about that date, the sum of $5714.50, less some expenses incident to making the loan; that at the time he received the money he gave to the association the mortgage sought to be foreclosed, to secure a bond in the sum of $12,000 executed by him, which recited that it was to secure a loan to the association of $6000, to be paid in monthly installments of $36 each, on the third Tuesday of each and every month succeeding the date of the bond, with interest at eight per cent per annum, which was payable in monthly installments of $40 each, on the third Tuesday of each and every month succeeding the date of the bond, said installments of principal and interest to be paid as they became due until the principal sum of $6000 should be fully paid, or until each share of stock in the nineteenth series thereof issued by said association should have attained the value of $100; also to pay, in addition, the further sum of $2000, less the first installment of $285.50, as a premium, in monthly installments of $23.81 each, commencing on the third

Tuesday of April, 1888, and payable on the third Tuesday of each and every month thereafter, and that the association, on default for six months, might declare the whole debt due and foreclose; that at the time the loan was made there was issued to Henry Jurgens by the association sixty shares of the nineteenth series of its capital stock, of the par value of $100 per share, which was assigned to the association by Jurgens as further security for the loan; that Jurgens did not attend a meeting of the association on the 19th of April, 1887, or at any other time, and bid for said loan a premium of thirty-three and one-third per cent thereof, and did not direct or authorize any one, on his behalf, to bid any premium for the loan of said money, and that no by-law of said association was in force fixing the rate of premiums to be paid by borrowers, but it was understood between the officers and directors of the association at the time said loan was made that the premium should be thirty-three and one-third per cent, but that there was never any actual competitive bidding for the money at the time said loan was made. It further appears that on April 15, 1895, Henry Jurgens had paid to the association $3600 on stock, $3960 on interest and $2000 on premium, making a total of $9560, or $3845.50 more than he had received from the association.

The statute in force at the time said loan was made provided that the board of directors of this class of associations shall hold stated meetings, not less frequently than once a month, as may be provided by the by-laws, at which meetings the money in the treasury, if $100 or more, shall be offered for loan, in open meeting, to the stockholders, and the one who shall bid the highest premium for the preference or priority of loan shall be entitled to receive a loan of $100 for each share of stock held by such stockholder. At that time there was in force no provision of the statute permitting such associations to fix the rate of premium by by-law, but the only

provision in that regard in force was the one requiring that the money should be offered on the competitive plan and the loan made to the stockholder who was the highest bidder. In *Borrowers' and Investors' Building Ass.* v. *Eklund*, 190 Ill. 257, we held, unless the amount of premium to be paid for a loan by the stockholder is determined in the manner provided by the statute the transaction will be usurious, if the total amount paid for the use of the money exceed the legal rate of interest. As the money was not put up to the highest bidder on the competitive plan and bid for by the borrower, but the premium was fixed arbitrarily by the directors of the association, the contract was usurious and the transaction must be treated as a loan to Henry Jurgens of $5714.50, and such loan having been tainted with usury, Jurgens is entitled to have the various amounts which he has paid to the association, regardless of whether they were designated payments upon stock, interest or premiums, applied in payment of the amount received by him from the association, and as it clearly appears he has re-paid to the association much more than he received from it, his debt to the association has been satisfied and should be discharged, and the Appellate Court did not err in reversing without remanding.

A number of questions have been elaborately discussed in the briefs filed in this case, but as the decision in *Borrowers' and Investors' Building Ass.* v. *Eklund, supra,* is controlling and the reasoning therein and the conclusions reached entirely satisfactory to the court, we have not deemed it necessary to re-examine the principles upon which that case is based.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*