# Free Home Building, Loan & Homestead Association v. Mary L. Edwards, et al.

### Gen. No. 12,224.

1. HOMESTEAD LOAN ASSOCIATION—*by whom by-laws cannot be made*. The board of directors of a homestead loan association have no power to enact by-laws.

2. HOMESTEAD LOAN ASSOCIATION—*when manner of fixing premium by, invalid*. The adoption of a resolution by the board of directors of a homestead loan association fixing the rate of premium to be paid for loans made from such association is not valid and does not constitute a compliance with the amendatory act of 1891 authorizing the rate of premium to be fixed by by-law.

Foreclosure proceeding. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 4, 1906.

**Statement by the Court.** April 9, 1894, Mary L. Edwards subscribed for 25 shares of the stock of said association, and was granted a loan of $2,500 with interest at the rate of 6 per cent per annum, such interest to be paid monthly in installments of $12.50 each. She also agreed to pay $12.50 per month on said 25 shares of stock, and a premium of $1,200 in monthly installments of $12.50 each, and all fines lawfully assessed against her. These terms and conditions were evidenced by her promissory note of that date. In this note it was further provided that in case said installments of interest or premium should remain unpaid six months after the same became due, then the whole of said principal and interest, without deducting the premium paid or interest thereon, should become due and payable; and that in case said interest installments and premiums should be paid as provided until said 25 shares of stock had reached the matured value of $100 each, then said principal indebtedness should be paid by the cancellation of such stock.

To secure said note Mary L. Edwards and her husband, on the same date, executed and delivered to the Association their mortgage deed conveying certain premises therein described.

Appellees made payments in accordance with the terms of said note until they had paid the following sums: On stock $987.50; on premium $986.25; and on interest $1,036.25; a total of $3,010.

The terms and conditions of the note and mortgage were agreed upon by private contract between appellees and the secretary of the Association. April 16, 1903, appellant filed a bill to foreclose the mortgage. Appellees answered, alleging, among other things, that appellant was guilty of usury, in that the money borrowed was not offered for loan in open meeting to the highest bidder, nor was the loan made in compliance with any by-law fixing the rate of interest, either with or without premium, and providing that loans shall be made in the order of priority of application, but that the board of directors of appellant from time to time arbitrarily fixed the rate of premium and of interest; that the amounts exacted by way of fines, premiums and interest are usurious; and denies that appellee Mary L. Edwards is in default in any payment of dues, interest or premiums; and also denies that she was indebted to appellant in any sum whatever at the time of the filing of said bill. By an amendment to the answer these matters of defense were more fully set up. Appellant filed a general replication to the original answer, and a special replication to the amended answer.

The cause was referred to a master, who took the testimony, and reported to the court that there was due to appellant the sum of $2,026.86, and costs and expenses of the proceeding, which was a lien on said premises, and that appellant was entitled to a foreclosure of the mortgage and a sale of the premises for the purpose of satisfying its said lien.

Upon the hearing before the chancellor the objections to

Free Home B., L. & H. Ass'n v. Edwards.

the master's report were ordered to stand as exceptions to such report.

The decree of the Circuit Court is that the terms and provisions of appellant's loan are usurious, and that prior to exhibiting its bill of complaint the indebtedness in question had been fully paid and satisfied. Accordingly the exceptions to the master's report were sustained and the bill was dismissed for want of equity. Thereafter appellant perfected this appeal.

PATTISON & SHAW, for appellant.

FREDERICK MAINS, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant was incorporated under the Act of 1879 governing Homestead Loan Associations, and its by-laws were incorporated in its articles as a part of its charter.

The Act of 1879 provides that the corporate powers of such Associations shall be exercised by the board of directors, and that the funds of the Association shall be offered for loan in open meeting of the board and be loaned to the stock-holder who shall bid the highest premium therefor. In 1891 the Act of 1879 was amended by providing: "That any such association may, by its by-laws, dispense with the offering of its money for bids in open meeting, and in lieu thereof loan its money at a rate of interest and premium fixed by its by-laws, and either with or without premium, deciding the preference or priority of loans by the priority of the application for loans of its shareholders." R. S. Hurd 1903, section 8, chapter 32, p. 494.

Appellant, intending to take advantage of this amendment, on May 23, 1892, by its board of directors adopted the following resolution: "Moved and seconded that interest be reduced to six per cent and the premium increased to forty-eight per cent." In no other way was the change in the disposition of its funds indicated or authorized. It appeared that the original by-laws of the Association, which declared that the funds of the Association should be loaned

in open meeting to the highest bidder, had never been changed. It is clearly apparent that if this attempt upon the part of the Association to comply with the statute is ineffectual, then the defense of usury is sustained and the decree of the court below is correct.

These associations, when kept within the limits marked out by the law-making power, tend to home owning and, by reason of such ownership, to better citizenship. To enable them to reach this result, the law relating to usury was waived as to their loans if made in conformity to the statute. After the Act of 1879 had been in force for some time, it was thought that this competition in open meeting, by reason of the necessities of the borrower, frequently resulted in an offer to pay a higher premium than was just and equitable. The Act of 1891 was passed to remedy this defect.

It is elementary that any plan prescribed by the legislature, by complying with which one is relieved from the penalties or disabilities of a statute, must be strictly followed, or the immunity thus granted will not be allowed. Forsell v. Suddard, 90 Ill. App., 407; Wightman v. Suddard, 93 Ill. App., 142; Assets Realization Co. v. Wightman, 105 Ill. App., 618; Sargent v. Home Bldg. & Loan Ass'n, 114 Ill. App., 393; Borrowers Bldg. Assn. v. Ecklund, 190 Ill., 257; Jamieson v. Jurgens, 195 Ill., 86; Home Bldg. & Loan Ass'n v. McKay, 217 Ill., 551.

But it is said that the resolution of the board of directors fixing the rate of interest and of premium was in effect a by-law, which had been acquiesced in by the stock-holders and by appellees, and that therefore appellees could not be heard to make the defense of usury.

It is admitted that under this resolution, and not by bid in open meeting, the terms and conditions of the loan in question were fixed and determined.

The board of directors of this Association did not have the power to make a valid by-law. By section 2 of the original act the shareholders, when called together by the commissioners, were required to elect directors and to adopt "a charter and by-laws." By section 3 the commissioners

were directed to file a copy of the by-laws adopted by the Association in the office of the Auditor of Public Accounts, who "shall submit said by-laws to the Attorney General, who shall report whether such by-laws conform to the requirements of this act, and if approved by the Attorney General, the Auditor of Public Accounts shall thereupon issue a certificate of complete organization of the Association," etc.

Then came the Act of 1891, which provided that the moneys of the Association might be loaned at a fixed interest and premium, if it "by its by-laws" should dispense with the offering of its money for bids in open meeting, and "in lieu thereof loan its moneys at a rate of interest and premium fixed by its by-laws."

In 1893 section 3 was amended by adding thereto the following: "And any subsequent amendment or alteration of said by-laws shall be submitted to the Secretary of State and be approved by the Attorney General, and be recorded in like manner as the original by-laws, before the same shall become operative; and only such by-laws as shall have been submitted, approved and recorded as hereinbefore provided shall be deemed operative."

These citations from the statute make it clear that the power to enact a valid and operative by-law is not given to the board of directors of a homestead loan association.

For many years after the passage of the original act the only way the priority of loans could be established and a contract be made which escaped the usury laws if more than the statutory rate of interest was exacted, was by competitive bidding in open meeting. After 1891 the association had the election to follow this plan, or, by its by-laws, to adopt the plan of fixed interest and premium. Appellant so understood the law, and by the resolution quoted attempted to comply with the Act of 1891, and thereafter loaned its funds, including the moneys here in question, at a fixed rate of interest and of premium. There is here no question of bad faith upon the part of appellant in adopting this course of procedure. It may be granted that its action was taken in

good faith, but in so doing it did not follow the plan explicitly laid down by the legislature as the only way this change could lawfully be made and the Association thereby be absolved from the penalties of the interest laws of the State.

Appellees are not estopped to make this defense by the fact that they agreed to pay interest and premium amounting to twelve per cent per annum. To so hold would be in effect a judicial repeal of the statute prohibiting usury.

For the reasons stated the decree of the Circuit Court is affirmed.

*Affirmed.*