## AETNA BUILDING & LOAN ASS'N v. ROUCH *et al.*

No. 1630.    Opinion Filed May 14, 1912.

(124 Pac. 24.)

**BUILDING AND LOAN ASSOCIATIONS**—Premiums—Recovery. Where a building and loan association lends money without requiring bids for the preference in obtaining the loan as provided in section 1490, Comp. Laws 1909 (Wilson's Rev. & Ann. St. 1903, sec. 1196), it has no right to charge premiums, and premiums and dues paid under a loan agreement made without bids will be applied to discharge the loan.

(Syllabus by Rosser, C.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by the Aetna Building & Loan Association against Sarah Rouch and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*A. B. Quinton* and *F. P. Whistler,* for plaintiff in error.

*John Adams.* for defendants in error.

Opinion by ROSSER, C. This was a suit by the Aetna Building & Loan Association against Frank and Sarah Rouch to foreclose a mortgage on certain real property in Kingfisher. The mortgage was on a regular form of the association and was given to secure the payment of a note for $725 due on or before ten years after its date with interest at six per cent. per annum

from date until paid. The note also provided for the payment of a premium of $4.35 per month. The note and mortgage is silent as to the amount of dues to be paid each month, but it seems that. $5 per month dues were paid on two shares of stock of the par. value of $500, which it is claimed were issued in the name of Sarah Rouch, but retained by the association as collateral security for the loan. Both parties waived a jury and tried the case to the court. The court found that the relation between the association and the defendants was that of lender and borrower and not of shareholder and association. He also found that the debt represented by the note and mortgage was usurious. He found that the note and mortgage had been paid and rendered judgment for the defendants, canceling the mortgage.

A number of questions are raised. The first question to be determined is as to the right of the association to charge premiums. If, under the circumstances of this case, the association had no right to charge premiums, then defendants were entitled to have the loan credited with the premium collected. Building and loan associations are regulated by statute both in this state and in Kansas, the home state of the Aetna Building & Loan Association. Section 1490, Comp. Laws 1909 (section 1196, Wilson's Rev. & Ann. St. 1903), provides that the officers of a building and loan association "shall hold stated meetings at which the money in the treasury, if equal to the amount of one share of stock in such corporation, shall be offered for loan in open meeting, and the stockholder who shall bid the highest premium for the preference or priority shall be entitled to receive a loan of the full amount for each share of stock held by such stockholder." The laws of the state of Kansas governing building and loan associations also provide that premiums may be bid and paid for the preference or priority of right to have a loan. And the law of Kansas also provides that building and loan associations shall not receive as premiums, fines, and interest to exceed ten per cent. per annum of the money actually borrowed. The statutes, both of Oklahoma and Kansas, however, require, as a condition precedent to the charging and collecting of the premium,

that it shall be bid by the stockholder making application for the loan. It is not claimed that any premium was bid in the present case. The company arbitrarily charged the premium as part of the loan contract. The loan contract provided that the rate of interest should be six per cent. per annum.

The Kansas statute provides that the usury laws shall apply to building and loan companies. Section 1492, Comp. Laws 1909 (section 1198, Wilson's Rev. & Ann. St. 1903), provides that "no premium, fines, or interest on such premiums that may accrue to the said corporation, according to the provisions of this act shall be deemed usurious; and the sum may be collected as debts of like amount are now by law collected in this state." The provisions of the act (section 1490, *supra*) require that parties desiring loans shall bid a premium for the right of priority. The only reason for allowing a premium is that the borrower bids it in order to be preferred in obtaining a loan. Unless the premium is bid, it does not accrue under the provisions of the act. If it does not so accrue, it should be credited on the loan.

In the case of *Washington Investment Ass'n v. Stanley,* 38 Ore. 319, 63 Pac. 489, 58 L. R. A. 816, 84 Am. St. Rep. 793, a question similar to the one involved here was before the court, and it was there decided that, where a premium not authorized by the statute was charged, it was usurious if charged with corrupt intent, but that, where charged innocently with the belief the law permitted it, the penalty of usury would not be enforced, but that the association would be permitted to recover the loan with lawful interest, after crediting it with the dues and premiums paid. This opinion by Judge Wolverton gives a considerable history of building and loan associations and reviews the authorities at some length, and the conclusion arrived at seems to be correct. See, also, *Borrowers,' etc., Ass'n v. Ecklund,* 190 Ill. 257, 60 N. E. 521, 52 L. R. A. 637; *Jamieson v. Jurgens,* 195 Ill. 86, 62 N. E. 917; *Mutual Home & Sav. Ass'n v. Worz,* 67 Kan. 506, 73 Pac. 116; 6 Cyc. 149, note 99.

As the loan in this case was not made in accordance with the building and loan statute of Oklahoma, it was not a build-

ing and loan contract and was an ordinary loan. As it was an ordinary loan, if the amount as found by the trial court as having been paid is correct, it is not necessary to ascertain or to determine whether the contract was usurious. The loan was discharged according to its terms. Whether usurious or not it was fully paid. The rate of interest provided for was six per cent. per annum, and at this rate of interest the payment of the amounts found by the court at the dates given in the pass books discharged the entire debt.

The association contends that the court erred in his finding as to the amount that had been paid. The only evidence as to the amount paid was the testimony of the defendants and the pass book or receipt book which was offered in evidence. It is a little hard to understand the pass book, but it appears upon the face of it that even a larger sum was paid than was found by the court, and the defendants, while their testimony is very indefinite, claim to have paid more than appears upon the pass book. Under these circumstances it is not proper to disturb the finding of the trial court as to the amount that was paid.

The judgment should be affirmed

By the Court: It is so ordered.