## UNION SAVINGS ASS'N v. CUMMINS et al.

No. 8409—Opinion Filed May 4, 1920.

Application to file 2nd Petition for Rehearing Denied June 8, 1920.

(Syllabus by the Court.)

**1. Corporations — Foreign Corporations — Powers and Privileges — Constitutional Law.**

By reason of art. 9, sec. 44, Constitution, foreign corporations cannot exercise in this state any greater or different rights, powers, or privileges than are conferred on similar domestic corporations.

**2. Contracts — Foreign Contracts—Enforcement—Public Policy—Rights of Foreign Company Within State.**

Comity does not require the courts of this state to enforce a foreign contract which is repugnant to the public policy of this state, nor does it require that foreign associations be granted any greater privileges in making contracts within this state than are accorded to similar domestic associations.

**3. Building and Loan Associations—Loans —Premiums—Competitive Bids.**

Prior to the enactment of chapter 200, Session Laws 1913, p. 445, the laws of this state required building and loan associations to fix premiums for the loan of money by competitive bidding.

**4. Appeal and Error—Review—Findings— Evidence.**

In a law action, if the evidence reasonably tends to support the findings of fact of the trial court, these findings will not be disturbed on appeal.

**5. Building and Loan Associations—Acts of Solicitors—Proof of Agency.**

Where a solicitor for a building and loan association presented to the applicant for a loan of money a printed form with the amount of the premium printed thereon, and represented that such amount was the premium to be paid, the trial court correctly found that the solicitor was in fact the agent of the association, and such association was bound by the acts of its solicitor.

**6. Same—Premiums for Loans—Lack of Competitive Bids—Evidence.**

Where the facts were as stated in the preceding paragraph of the syllabus, and the loan shows upon its face that it in fact required the premiums printed in the application, the trial court was correct in finding that the loan was made without competitive bidding.

**7. Same—Noncompliance With Statute— Rate of Interest.**

The failure of the building and loan association to make loans by competitive bidding when required by law, destroys the right of such association to charge premiums and to collect more than the legal rate of interest on its loans, and premiums and dues paid under the loan arrangement without bids will be applied on the loan.

**8. Usury—Penalty — Constitutional Provision.**

Section 3, art. 14, of the State Constitution was the law in force in this state on March 1, 1909, against making contracts for usurious interest, and provided that "the taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it or which has been agreed to be paid thereon," and means that where usury is reserved by the terms of the contract, but not paid, the only penal consequence is the forfeiture of the entire interest.

**9. Taxation—Tax Sales—Collusion of Mortgagor—Effect on Mortgage Lien.**

A transaction which amounts to the payment of the taxes by the mortgagor cannot thereby defeat the lien of the mortgagee.

**10. Taxation—Tax Deed—Validity—Notice to Owner.**

A tax deed secured through a sale for delinquent taxes and penalty thereon, when it is shown that notice has not been mailed to the owner of the property by the county treasurer as required by section 2, ch. 73, Rev. Laws 1910, will not convey title to the grantee.

**11. Same.**

For a tax deed to be valid, application for such deed must have been served on the owner of the property as prescribed by law.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Union Savings Association, against B. V. Cummins, Laura Cummins, H. W. Lemons, and W. J. Chubbuck, to recover on a certain note and mortgage upon real estate. Judgment for defendants, and plaintiff brings error. Reversed with directions.

George M. Nicholson, for plaintiff in error.

W. D. Hereford, Bridges & Vertrees, and Guy Green, for defendants in error.

JOHNSON, J. To the petition of plaintiff, defendant H. W. Lemons filed a disclaimer.

Defendants B. V. Cummins and Laura Cummins answered, admitting the execution

of the note and mortgage, and by way of cross-petition alleged that the note and mortgage were given to secure a loan of money and that the rate of interest exacted by plaintiff was usurious and the amount of usury reserved and charged by said note and mortgage exceeded the balance due thereon. The defendant Chubbuck, after a general denial, as a further defense alleged that he was the owner of the legal and equitable title to the premises by virtue of a tax deed under which he had been in possession for more than a year, prior to the filing of plaintiff's petition.

On March 1, 1909, B. V. Cummins made application for certain shares of stock in plaintiff company, and on March 10th executed the note and mortgage in controversy. The note upon its face stipulated for interest thereon at 6 per cent. per annum and a premium of 50 cents per month on each $100 named in the note, interest and premium payable monthly, on or before the first day of each month.

The court found that defendant B. V. Cummins was arbitrarily required to submit a bid of 50 cents per month as a premium for the preference right to the loan of the money, and that said defendant was informed by the agent of the plaintiff that, unless he made said bid, said loan would not be made; and further found that said defendant made no competitive bid for the preferential right to a loan of said money, but that plaintiff arbitrarily fixed said premium, and that by reason thereof said note and mortgage were usurious.

Judgment was rendered for defendant against plaintiff in the sum of $87.83.

This contract was entered into prior to the enactment of chapter 200, Sess. Laws 1913, at a time when the laws of this state required premiums to be fixed by competitive bidding and prohibited the fixing thereof by an arbitrary rule. Aetna Building & Loan Ass'n v. Harris, 67 Oklahoma, 170 Pac. 700.

While the contract provided that it was to be performed in South Dakota, and was to be governed by the laws of that state, the plaintiff corporation could not exercise in this state any greater or different rights, powers, or privileges than were conferred on similar domestic corporations. Article 9, sec. 44, Constitution.

While comity between the states requires that valid contracts made in any jurisdiction may be enforced in the several states, it does not require courts of this state to enforce a foreign contract which is repugnant to the public policy of this state, nor does it require that foreign associations be granted any greater privileges in making contracts within this state than are accorded to domestic associations. Midland Savings & Loan Ass'n v. Deaton, 57 Okla. 622, 157 Pac. 285; Washington National Building, Loan & Investment Ass'n v. Stanley, 38 Ore. 319, 63 Pac. 489, 58 L. R. A. 816.

If the evidence reasonably tends to support the findings of the trial court, they will not be disturbed. Choctaw Lbr. Co. v. Waldock, 78 Okla. 227, (decided February 24, 1920) ; Bruce v. McIntosh et al., 57 Okla. 774, 159 Pac. 261; Board of Commissioners of Woodward County v. Thyfault, 43 Okla. 82, 141 Pac. 409; Alfred v. St. Louis, I. M. & S. R. Co., 42 Okla. 4, 140 Pac. 415; Mo., O. & G. R. Co. v. Smith, 55 Okla. 12, 155 Pac. 233.

Defendant B. V. Cummins testified that he made no bid, but that the agent of the plaintiff presented to him a printed form, or application, with the request that he sign same. Although the application for the loan contained the statement that the agent was representing Cummins, and contained the further statement, "I make this application for stock irrespective of any representations which may have been made to me by any solicitor or other person," the court correctly found that the solicitor was, in fact, agent of plaintiff. Allison v. Crummey, 64 Oklahoma, 166 Pac. 691; Bates v. American Mortgage Co., 37 S. C. 88.

The statement in the application that the loan was applied for irrespective of the representations made by the solicitor is ineffectual to give plaintiff any greater rights than if the loan had been negotiated by the principal under the same circumstances as it was by the agent. Langley v. Ford, 68 Oklahoma, 171 Pac. 471.

If it be assumed that section 2, art. 7, of the by-laws authorizes the lending of money for less than 12 per cent., still said article permits the amount of premium bid to be printed in the application, and where, as the court found to be the case herein, there was no competitive bidding, the corporation did not have the right to charge premiums or to collect more than 6 per cent. interest, and premiums and dues paid under such arrangement will be applied on the loan. Aetna Building & Loan Ass'n v. Rouch et al., 32 Okla. 735, 124 Pac. 24.

The trial court found that the contract was usurious, and that the defendant borrower was entitled to offset against the plaintiff's demand the total amount of interest reserved. In so holding we think the trial court was in

error. The contract sued upon was made March 10, 1909. On that date the law in force in this state against usury was section 3, art. 14, of the Constitution, which is as follows:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it or which has been agreed to be paid thereon."

These provisions of our Constitution are identical with those contained in act of Congress, Feb. 18, 1875 (Rev. St., sec. 5198), and provide two penalties: (1) The forfeiture of all the interest remaining unpaid; and (2) the recovery of twice the amount of interest that has been paid. These provisions have been frequently construed by the federal courts and the courts of last resort of the various states, concerning which Mr. Webb in his Law of Usury, sec. 519, p. 602, says:

"The provision of the federal statute above quoted, as to 'reserving' usury, has been uniformly construed to mean that where usury is reserved by the terms of the contract, but not paid, the only penal consequence is the forfeiture of the entire interest. And this construction is applicable to interest accruing by law, by reason of the nonpayment of the loan after maturity.

"But with reference to the next sentence in the section, providing that 'in case the greater rate of interest has been paid,' etc., some judicial differences have arisen. While it is established that, 'the difference between the offenses is the difference between exacting an agreement to pay and exacting actual payment; and the difference between the consequences imposed is the liability to lose once the interest in the former case and twice the interest in the latter.'"

The author cites numerous decisions of various state courts and federal courts. One of the leading cases cited in support of the rule announced is that of City National Bank of Danville v. Gentry (Ky.) 56 L. R. A. 673.

Section 1100 of the Civil Code of Dakota is substantially the same as our constitutional provision, supra. The Supreme Court of that state, construing the provision of the statute, supra, in Wood v. Cuthbertson, 3 Dak. 328, in paragraph 2 of the syllabus, said:

"Section 1100 of the Civil Code of Dakota, declaring all interest upon a usurious contract forfeited, and providing that the excess paid over 12 per cent. may be recovered from the person taking it, does not give the right to maintain a counterclaim by reason of such forfeiture, for the whole interest in an action to collect the principal. Only the excess over 12 per cent., and when illegal interest has been stipulated for and not paid, then only the principal, without interest, can be recovered."

The 8th and 9th findings of the trial court were as follows:

"8th. The court further finds that said defendant B. V. Cummins paid all premiums and interest and stock payments up to and including the first day of January, 1910, and that no other payments have been made by said defendant.

"9th. The court further finds that the note and mortgage sued upon provided for interest at the rate of 6 per cent. and for the premium of fifty cents upon each $100 per month loaned and the said interest at 6 per cent. and the premium as aforesaid equal 12 per cent. and that said 12 per cent. is in excess of that allowed by law for the said plaintiff to charge the defendants for the use of said money, said contract is usurious and that the charging, receiving, taking and reserving said interest was knowingly done by the plaintiff, and that the defendant, B. V. Cummins, and Laura Cummins, have set up as a defense the charging of usurious interest and the court finds that by reason thereof said defendants, B. V. Cummins and Laura Cummins, are entitled to recover from said plaintiff the amount of interest charged upon said loan amounting to $937.83, which is in excess of the amount loaned by said plaintiff to said B. V. Cummins and Laura Cummins to the amount of $87.83, which sum defendants B. V. Cummins and Laura Cummins are entitled to judgment over and against said plaintiff."

To these findings the plaintiff saved an exception.

The court rendered judgment in favor of the defendants in the sum of $87.83. This, we find, was clearly erroneous. Under the findings of the trial court the contract sued upon was not void, but, as has been frequently held by the courts, such usurious contract destroys the interest bearing quality of the paper only. Shafer v. First National Bank, 53 Kan. 614; Quint v. First National Bank, 9 Kan. 474, 58 Pac. 1019; Third National Bank of Phil. v. Miller, 90 Pa. 241; Guthrie v. Reed, 107 Pa. 251; Mellor v. Snow, 24 Okla. 780, 104 Pac. 40.

"A debt contracted or obligation given for a usurious loan made by a state or national bank is not void, but the forfeiture is limited to the interest." Hintermister v. First National Bank, 64 N. Y. 212; First National Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Haseltine v. Central Bank of Springfield, 183 U. S. 132, 46 L. Ed. 118.

Counsel for the defendants contend in their brief that section 1005, Rev. Laws 1910, applies in this case. We cannot agree with this contention. To so hold would be to give this

provision a retroactive effect, which would be contrary to the general rule as announced by this court in Adair v. McFarlin et al., 28 Okla. 623, 115 Pac. 787. This court, speaking through Turner, C. J., said:

"Generally a statute will be construed as applying to conditions that may arise in the future, An act will not be given a retrospective operation unless the intention of the Legislature that it shall so operate is unequivocally expressed"

—citing, in support, Potter's Dwarrin on Stat. and Con., 162, note 9, and numerous decisions, to the same effect; Walker v. Daharsh et al., 52 Okla. 766, 153 Pac. 880.

Counsel for defendants cite, in support of their contention that the judgment in favor of the defendants for $87.83 should be sustained, the decisions of this court in the cases of Daniels v. Bunch et al., 69 Oklahoma, 172 Pac. 1086; Gunness v. Stever et al., 60 Okla. 24, 158 Pac. 568; Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360; Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767. An examination of these cases will disclose that they are not in point. This case comes squarely under the first provision of section 3, art. 14, of the Constitution, the interest forfeiture provision.

The evidence shows that the property was sold for taxes; that the defendant Lemons, a creditor of defendant Cummins, came into possession of the tax certificates without paying any consideration therefor, and that he later transferred these certificates to defendant Chubbuck, a brother-in-law of B. V. Cummins, without being paid any consideration therefor; that Chubbuck had never resided in Oklahoma, but was a resident of Kansas. Plaintiff insists that this transaction was fraudulent and to deprive it of its rights to foreclose its mortgage. If, as appears, the transaction amounted to the payment of the taxes by Cummins, the lien of the mortgagee could not thereby be defeated. Manly v. Debentures "B" Liquidation Co., 64 Kan. 573, 68 Pac. 31; Carithers v. Weaver, 7 Kan. 110; Duffit v. Tuha, 28 Kan. 292.

But, regardless of the foregoing, the deed is void for the reason that the sale price of the land in question included penalty for non-payment of taxes, when notice had not been mailed to the owner by the county treasurer as then required by section 2, chap. 73, Sess. Laws 1910. Williams v. McGill et al., 69 Oklahoma, 169 Pac. 1074.

It also appears to be void for the further reason that notice of application for tax deed does not appear to have been given to the owner as required by section 7415,

Rev. Laws 1910. Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666.

For the reasons stated, the cause is reversed, with directions to set aside the judgment and proceed in accordance with the views herein expressed.

RAINEY, C. J., and HARRISON, PITCHFORD, McNEILL, and HIGGINS, JJ., concur.