ALEXANDER v. G. A. NICHOLS, Inc., et al.
SAME v. BLAKENEY et al.

*97 P. 2d 33.*

Nos. 28505, 28506. Nov. 21, 1939.

Rehearing Denied Feb. 13, 1940.

Willingham & Fariss, of Oklahoma City, for plaintiff in error.

Shirk, Paul, Earnhart & Shirk, of Oklahoma City, for defendants in error.

RILEY, J. On April 6, 1932, G. A. Nichols, Inc., G. A. Nichols, and Alma M. Nichols, filed suit against J. S. Alexander and J. O. Crawford, county treasurer. On April 13, 1932, John B. Blakeney and the City Home Builders, a corporation, filed a suit against the same defendants. The issues were so similar that both cases were consolidated for trial, and are consolidated for this appeal. The parties will be referred to as plaintiffs and defendants in the order in which they appeared below.

On November 6, 1911, the county treasurer of Oklahoma county issued tax certificates covering the lots herein involved to John Holzapfel. The certificates represented the sale of the lots involved for 1910 taxes. Holzapfel did nothing with the certificates until February 8, 1932, when he assigned them to defendant J. S. Alexander. On February 15, 1932, the latter filed an application for a tax deed with the then county treasurer of Oklahoma county. The plaintiffs then filed the above-mentioned actions, praying the county treasurer be enjoined from issuing the requested tax deed to defendant Alexander, and that the tax certificates be declared void and be canceled.

Defendant Alexander filed his answer, wherein he prayed plaintiffs take nothing by said action, that the county treasurer be required to issue a valid deed, and that the plaintiffs be barred and enjoined from asserting any right, title, or interest in or to the lots involved.

The evidence disclosed that the county treasurer had no list of real property owners in 1911; that on the notices of delinquent personal taxes the treasurer added a request that the personal property owner notify the county treasurer of all real estate he owned; and that he mailed notices of delinquent real property taxes only on compliance with the request contained on the personal tax delinquency notice.

It was further shown that the lots involved were sold at resale in 1924, and that resale tax deeds were issued to one John B. Blakeney and F. A. Dodd; that by subsequent conveyances the plaintiffs had become owners of said lots, and in turn many lots had been sold to various third parties and many homes and buildings constructed thereon, that these purchasers had requested plaintiffs to protect their titles pursuant to warranties contained in the deeds.

It was also shown that plaintiffs claimed title by virtue of a quitclaim deed from R. Q. Blakeney, who platted the tract.

On June 18, 1926, judgment was rendered in the district court of Oklahoma county in case No. 49714, entitled City Home Builders, a Corp., v. the County Treasurer and the Board of County Commissioners of Oklahoma County, wherein it was adjudged that the 1924 resale was valid and passed title to the lots herein involved (except lots 13, 14, and 15, block 4, and lots 15 and 16, block 8, in Jefferson Park addition to Oklahoma City, which were not included in said case.)

The trial court made special findings

of fact and conclusions of law and rendered judgment for plaintiffs granting a permanent injunction against the issuance of tax deeds to defendant Alexander; canceled defendant's tax certificates and quieted title in plaintiffs.

From an order overruling motions for new trial and rendering the above judgment, Alexander prosecutes this appeal.

Defendant strenuously attacks the validity of the resale tax deeds on the ground they do not substantially comply with the form of such deeds prescribed by the State Examiner and Inspector. In the view we take of this case, it will be unnecessary to consider the validity of these resale deeds. The trial court found, and the finding is not against the clear weight of the evidence, that plaintiffs' title is based upon the quitclaim deed from the owner prior to the tax resale. Should the resale deeds be held invalid, plaintiffs would still have sufficient interest to maintain these actions.

Defendant next contends that this being an action in equity, it was a necessary prerequisite to relief for plaintiffs to tender payment of the 1910 taxes on which the 1911 certificates were based.

Had defendant raised this issue in his pleadings and stood upon an adverse ruling, a different question would now be presented. To plaintiffs' second amended petition, defendant merely filed an answer in which no mention was made of tender. The only reference to tender in the trial court seems to have been in the court's ninth conclusion of law holding tender unnecessary because defendant's tax certificates were void. The case was presented below upon the merits, and this appeal is likewise upon the merits. We will hereinafter consider the necessity for tender in the light of our ultimate decision.

The trial court found that the 1911 tax sale included interest and penalty on the 1910 taxes, and penalty and costs as allowed by law. The court further found that the county treasurer failed to give written notice to the property owners that 1910 taxes were delinquent. These findings are not against the clear weight of the evidence.

Section 7389, R. L. 1910, provided:

"* * * It shall be the duty of the county treasurer * * * to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes and when the same shall become due and delinquent."

The above act was amended by chapter 120, S. L. 1910-11, but such amendment is immaterial to this case. In Clark v. Duncanson, 79 Okla. 180, 192 P. 806, the first paragraph of the syllabus reads:

"The provisions of the act of the Legislature approved March 22, 1911 (S. L. 1910-11, p. 263), declaring that it shall be the duty of the county treasurer, on or before November 1st, to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent, is mandatory, and the absence of such notice nullifies the sale of the taxpayer's land for taxes and penalty."

See, also, Union Savings Ass'n v. Cummins, 78 Okla. 265, 190 P. 869; Smith v. Bostaph, 103 Okla. 258, 229 P. 1039.

It would be impossible for the county treasurer to issue a valid deed to Alexander based upon these certificates under these decisions.

The trial court properly denied defendant's request that the treasurer be ordered to issue a tax deed.

We believe the trial court was justified in rendering judgment for plaintiffs for another equally cogent reason. These certificates were issued in 1911, to Alexander's assignor, Holzapfel. Under the law the two-year period of redemption expired in November, 1913. Immediately thereafter Holzapfel could have applied for a tax deed. This was his remedy under the statute. See State ex rel. Comm'rs of Land Office v. National Bk. of Commerce of Pawhuska et al.,

139 Okla. 134, 281 P. 579. For some unexplained reason Holzapfel did nothing, and about ten years later the lots were again sold to the county for taxes. They were then sold at resale in 1924. During the next eight years many of the lots were sold to various persons. Homes and buildings were constructed.

It is true there was no statute of limitations prescribing a time after which tax certificates could not have been used as a basis for a tax deed. But this is an action in equity and the following excerpt from Nickel v. Janda, 115 Okla. 207, 242 P. 264, quoting Skinner v. Scott, 29 Okla. 364, 118 P. 394, follows:

"The doctrine of laches is peculiar to courts of equity. It exists independent of the statutes of limitations; and an action may be barred on account of the laches of the claimant for a period shorter than the statutory period of limitation. A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands. Nothing can call forth this court into activity but conscience, good faith, and reasonable diligence. When these are wanting, the court is passive and does nothing."

Paragraph No. 5 of the syllabus to Nickel v. Janda, supra, reads:

"No arbitrary rule exists for determining when a demand becomes stale, or what delay may be excused: and the question of laches and equitable estoppel is to be decided upon the particular circumstances of each case."

Defendant has not attempted to excuse a delay of approximately 20 years in seeking to claim the rights of a tax certificate holder. He does not contend that his assignor ever attempted to pay any taxes accruing on these lots subsequent to the 1910 taxes. Nor is any attempt made to explain Holzapfel's silence during the many years third persons were constructing houses and other permanent improvements on many of the various lots. Holzapfel was guilty of laches, and his assignee, Alexander, obtained a stale claim.

Having reached the above conclusion on the merits of the case, it is obvious a requirement of tender on behalf of plaintiffs would be unnecessary and useless. We make no finding thereon.

Judgment of trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur. CORN and DAVISON, JJ., absent. DANNER, J., not participating.