## L. E. ROBBINS v. B. MULDROW.

NOTES — *Transfer* — *Usury* — *Defense, Not Defeated.* Where R., a money-loaner, loans small sums of money to M., and promissory notes are given by M. to R., and others to R.'s wife and S., R. claiming to be the agent of his wife and S., and in all of said transactions large sums in excess of legal interest were demanded and received; and at the close of the said transactions one note was given to R.'s wife, which included all that remained unpaid of said loans, *held*, that such transfer will not prevent M. from making any defense to the note that he might have made to the loans, had said last note not been given.

*Error from Clay District Court.*

REPLEVIN, by *Muldrow* against *Robbins.* Judgment for the plaintiff, at the September term, 1886. The defendant brings the case here. The material facts are stated in the opinion.

*J. S. Walker,* for plaintiff in error.

Opinion by CLOGSTON, C.: This was an action in replevin, brought by B. Muldrow to recover two horses. Defendant claimed that the property was held by virtue of a chattel mortgage executed by plaintiff to the defendant, and that said property had been sold under that mortgage. The question in issue was as to the indebtedness secured by this mortgage. Plaintiff claimed that the indebtedness for which said mortgage was given had all been paid long prior to the taking possession of the mortgaged property. Defendant insisted that there still remained due a sum in excess of the value of the mortgaged property. The record discloses that one O. B. Robbins, the husband of the defendant, was a money-loaner at Clay Center, Kansas; that on his own behalf and on behalf of his wife, L. E. Robbins, and one John Smith, he loaned to the plaintiff, defendant in error, small sums of money on short time; that on money loans claimed to have belonged to himself, he had charged and received 4 per cent. a month interest; on money claimed to have been loaned for his wife and John Smith, the note bore interest at 12 per cent. per an-

num, and out of the money so borrowed O. B. Robbins retained 3 per cent. a month as commission for making the loans. The plaintiff claimed that during the period in which he borrowed this money, he at different times paid sums of money sufficient to discharge all of said notes, interest and commissions; he denied executing the last note for $181, which the defendant claimed was still due. On the other hand, the defendant claimed that at the time of giving this last note for $181, the money for said note was applied upon the notes then standing due, and that said debt was thus transferred from John Smith and O. B. Robbins to L. E. Robbins. The evidence further discloses that the plaintiff was unable to read or write; that whatever notes he executed were executed upon the statements of O. B. Robbins that they were correct, and for amounts due from time to time, as loans were made.

Plaintiff in error now claims, first, that there was not sufficient evidence to sustain the verdict and judgment; and second, that the court erred in its instructions to the jury. As to the first of these propositions, the question in dispute is one of fact. There was evidence on the part of the plaintiff that he never executed the note claimed to be due by the defendant; that if he did, he did it under the belief that it was a renewal of one of the notes executed by him to O. B. Robbins; that he had no knowledge of any transaction by and with John Smith or L. E. Robbins, but that his entire business transactions were, as he understood it, with O. B. Robbins, and that all of said claims had been paid and discharged long before the mortgage was attempted to be foreclosed. It then became a question of fact. The jury were the exclusive judges of these questions; and as there was evidence tending to support the verdict, this court cannot disturb it.

As to the second proposition, defendant insists that the instructions of the court to the jury were erroneous. That part of the instruction objected to is as follows:

"The fact, if it is one, that during the transaction between Mr. Muldrow and Mr. Robbins as agent for the parties loaning money, there was a transfer of the indebtedness from one

party represented by Mr. Robbins to another party represented by Mr. Robbins, would not affect the rights of the parties in this suit in any respect; that would be the same as though all the transactions had been with Mrs. Robbins, through Mr. Robbins as her agent."

Under the evidence in this case, we think the instruction was correct. The transactions all took place with Robbins; his wife and Smith were not known in the matter. He was the agent of Smith, as shown by his power of attorney, and was also the agent of his wife in the loaning of money. What knowledge he possessed in relation to these transactions, was the knowledge of his principal. Part of the money was shown to belong to Smith, part to Robbins himself, and part to his wife; and if at the closing of these transactions one note was taken for all, and given to Mrs. Robbins, we think it could make no difference; and any defense that Muldrow might have to any one or all of said notes he was still entitled to make, although included in this note. The evidence seems to show, and the fact to be, that the object of the transfer of all this indebtedness, if there was any, to Mrs. Robbins, was to place it in such shape that usury could not be pleaded to the note. In the renewals of the notes, and in the notes themselves, sums largely in excess of the amount loaned, and legal interest, had been charged and received, and doubtless this transfer was made, and the court so understood it, (and the jury evidently so found,) for the sole and only purpose of preventing the defendant from making any defense thereto. Whenever it is shown that such is the object, the aid of this court cannot be invoked to assent to or assist in such a transaction. We think the trial court was eminently right in directing the jury that it made no difference in relation to this transfer. It was made with the agent with a full knowledge of all the facts, and by such a transfer could not defeat the right of defense.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.