## ANDERSON v. TATRO.

No. 3899. Opinion Filed November 10, 1914.

(144 Pac. 360.)

1. **USURY—Bills and Notes—"Payment"—Renewal Note.** The giving of a new note in renewal of a previous one is not a payment of the earlier note as contemplated by section 3 of article 14 of the Constitution. This section contemplates an actual payment, and not a promise to pay in future.

2. **USURY—Recovery of Penalty—Right of Action Against Purchaser.** Where a note containing usurious interest is sold to a third party and the borrower pays the note in full to the third party, he cannot maintain an action against the payee, under section 3 of article 14 of the Constitution, for a return of double the amount of the interest paid. Said section gives a right of action against the person, firm, or corporation taking or receiving the same, and a corporation to whom a usurious note was indorsed and who takes and receives the usurious interest is alone liable for the penalty under said section.

3. **SAME—Exclusiveness of Remedy.** Section 3, supra, gives the debtor the right to sue for and recover twice the amount of interest paid from the person, firm, or corporation taking or receiving the usurious interest. The debtor can resort to no other mode or form of procedure, as the remedy is exclusive.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Custer County;*

*James R. Tolbert, Judge.*

Action by G. M. Anderson against Joseph Tatro. Judgment for defendant, and plaintiff brings error. Affirmed.

*Snodgrass & Darnell,* for plaintiff in error.

*Phillips & Mills,* for defendant in error.

Opinion by RITTENHOUSE, C. On January 18, 1909, G. M. Anderson, plaintiff in error, who was plaintiff below, borrowed from Joseph Tatro, defendant in error, who was defendant below, the sum of $600, and gave his note of that date for $690 due in one year. No payments whatever, either of principal or

interest, were ever made on this note; but on January 18, 1910, when the note fell due, it was taken up by the giving of a new note in the sum of $762.45, it being admitted that interest was computed at the rate of eighteen per cent. for seven months, and the new note was transferred to the Custer County State Bank before due, in due course of business and for a valuable consideration. Payment of said last note was made by the plaintiff to the Custer County State Bank.

Suit was instituted by G. M. Anderson against Joseph Tatro in the district court of Custer county on the 26th day of May, 1910, alleging that on the 18th day of January, 1909, Joseph Tatro entered into a corrupt agreement with the plaintiff for the purpose of receiving and taking a greater sum for the loan of $600 than allowed by law, and that for said loan he had charged the sum of $90, which sum was knowingly received, reserved, and charged, and asked judgment for double the amount of said interest so paid, amounting to $180. An amended petition was filed on August 6, 1910, and issue was joined.

On August 29, 1910, G. M. Anderson instituted an action against Joseph Tatro to recover $154, alleging that the defendant had entered into a corrupt agreement with the plaintiff for the purpose of charging and receiving a greater sum for the loan of $690 than was allowed by law, which sum amounted to $72.45, and alleging that the excessive interest was knowingly charged and received by the defendant Joseph Tatro. At the time of trial the two causes were consolidated, a jury waived, and the cause tried to the court, resulting in a judgment for the defendant.

The evidence in this action shows that the plaintiff did not pay to the defendant the $690, as alleged in the first cause of action, but gave a renewal note for $762.45, which included seven months' interest. This note is the basis for recovery in the second cause of action. The giving of a new note in renewal of a previous one is not a payment of the earlier note as contemplated by section 3 of article 14 of the Constitution, as this sec-

tion contemplates an actual payment, and not a promise to pay in the future. *First Nat. Bank v. Lasater,* 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408; *Brown v. Marion Nat. Bank,* 169 U. S. 416, 18 Sup. Ct. 390, 42 L. Ed. 801; *Driesbach v. Nat. Bank,* 104 U. S. 52, 26 L. Ed. 658; *Rushing v. Bivens,* 132 N. C. 273, 43 S. E. 798.

The next question presented by the record requires a consideration of section 3, *supra,* which section reads as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm, or corporation taking or receiving the same, in an action in the nature of an action of debt, twice the amount of interest so paid."

The foregoing section is similar to the federal act (Rev. Stat. sec. 5198 [U. S. Comp. St. 1913, sec. 9759]), and the Supreme Court of the United States, in construing that section in the case of *Haseltine v. Central Bank of Springfield,* 183 U. S. 132, 22 Sup. Ct. 49, 46 L. Ed. 118, held that:

"Two separate and distinct classes of cases are contemplated by this section: *First,* those wherein usurious interest has been taken, received, reserved, or charged, in which cases there shall be 'a forfeiture of the entire interest which the note, bill or other evidence of debt *carries with it,* or which has been *agreed to be paid* thereon'; *second,* in case usurious interest has been *paid,* the person paying it may recover back twice the amount of the interest 'thus paid from the association taking or receiving the same.' While the first class refers to interest taken and received, as well as that reserved or charged, the latter part of the clause apparently limits the forfeiture to such interest as the evidence of debt carries with it, or which has been agreed to be paid, in contradistinction to interest actually *paid,* which is covered by the second clause of the section."

The note of $762.45, due in seven months, was executed by the plaintiff to the defendant in renewal of the $690 note, and in this was charged an excessive rate of interest amounting to $72.45. After the execution of the note it was transferred to the Custer County State Bank, and was by the plaintiff paid in full to the bank. This suit was instituted against Joseph Tatro for a recovery of the amount of interest received by the Custer County State Bank, which was the assignee of said note from Joseph Tatro. The question here is: Was Joseph Tatro the proper party defendant under section 3, *supra,* where the usurious interest was taken and received by the assignee? It is provided in the foregoing section that, in case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representative, may recover from the person, firm, or corporation, taking or receiving the same. It is admitted that the bank took and received the usurious payment. Can it, then, be said that Joseph Tatro took and received any part of said usurious interest as contemplated by said section? We think not. Where interest is paid to an assignee of a note, and not to the original payee, the cause of action would be against the assignee taking or receiving the interest. In the cases of *Webb v. Galveston & Houston Investment Co.,* 32 Tex. Civ. App. 515, 75 S. W. 355, and *Western Bank & Trust Co. v. Ogden,* 42 Tex. Civ. App. 465, 93 S. W. 1102, this question was squarely before the court, and it was there held that, under a statute providing that when usury is charged double the amount of interest received may be recovered from the person, firm, or corporation receiving the usurious interest, a corporation to whom usurious notes were indorsed and who received the usurious interest was alone liable for the penalty.

The last clause of section 3, *supra,* has the effect of limiting the right of recovery from the person taking or receiving the usurious interest, and not the person reserving or charging a greater rate of interest than is allowed by law as provided by the clause of said section, and, as the defendant in this case did

not take or receive from the plaintiff the usurious rate of interest, the action was wrongfully brought against him, and the court properly rendered judgment against the plaintiff. It is argued that, if the proof was insufficient to bring the case within this section of the Constitution, it was sufficient to support an action at common law; but under said section the debtor is given the right to sue for and recover twice the amount of interest paid from the person taking or receiving the usurious interest. This creates a new right, not known at common law, and declares the remedy, and under these provisions the debtor can resort to no other form of redress or mode of procedure, those granted by the Constitution being exclusive. *Barnet v. National Bank,* 98 U. S. 555, 25 L. Ed. 212; *Carter v. Carusi,* 112 U. S. 478, 5 Sup. Ct. 281, 28 L. Ed. 820; *McBroom v. Scottish Mortgage & Land Investment Co.,* 153 U. S. 318, 14 Sup. Ct. 852, 38 L. Ed. 729; *Citizens' National Bank of Danville v. Gentry,* 111 Ky. 206, 63 S. W. 454, 56 L. R. A. 674; *Lynch v. Merchants' Nat. Bank,* 22 W. Va. 554, 46 Am. Rep. 520.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.