## WALKER v. DAHARSH et al.

No. 5312.    Opinion Filed December 7, 1915.

(153 Pac. 880.)

USURY—Penalty—Renewal Note—Operation of Statute.    An usurious contract was entered into prior to the passage of section 1005, Rev. Laws 1910. Subsequent to the adoption of that section, the debt was renewed, and the usurious interest was carried into the renewal note. Held, that the defendant was entitled to a forfeiture of twice the amount of usurious interest which the note carried with it or which was agreed to be paid thereon.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Roger Mills County;*
*W. H. Mouser, Judge.*

Action by G. T. Walker against Albert Daharsh and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*T. L. Turner,* for plaintiff in error.

*E. L. Mitchell* and *Perry Madden,* for defendants in error.·

Opinion ·by RITTENHOUSE, C.    On June 22, 1907, the defendants executed and delivered their note for $140 to the Texmo Cotton Exchange Bank, due in November of the same year.    This note was sold to G. T. Walker. , On March 9, 1910, a renewal note was taken in the sum of $230.64.    At the time of these transactions, section 1005, Rev. Laws 1910, was not in force.    Subsequent to the passage of this section, the defendants gave a renewal note on November 26, 1910, in the sum of $269.    This action was instituted on the last-named note, and the defendants answered, alleging as a defense the reserving and charging of a rate of interest greater than was allowed by law, and asked for a forfeiture of twice the amount of interest which the note carried with it or which was agreed to be paid thereon.

It is the contention of the plaintiff that the court erred in instructing the jury that, if a greater rate of interest than was allowed by law had been reserved or charged, the defendants were entitled to recover twice the amount of interest which the note carried with it or which was agreed to be paid thereon.    It is not claimed that the original note of $140 was usurious, but it is contended that, when it was renewed into the note of $230.64, a greater rate of interest than was allowed by law was reserved and charged.    Under the law existing at that time, the amount which the payee would have forfeited would have been the amount of usurious interest which the note carried with it or which was agreed to be paid thereon.    Subsequent to this transaction, and on June 17, 1910 (Laws 1910, c. 119), the present law went into force, which provides by ·section 1005, *supra,* that twice the amount of the interest reserved or

charged should be forfeited. On November 28, 1910, the plaintiff held the note of $230, which carried with it interest in excess of the amount allowed by law, and on that date the plaintiff renewed said note by taking a note in the sum of $269; and the question before us is whether the act of taking a new note for $269 was reserving the illegal interest which had been included in the former note. If so, the plaintiff would forfeit twice the amount of the interest which the latter note carried with it; if not, then the court's instruction was wrong, and on the $230 note just the amount of interest reserved and charged could be recovered, while on the $269 note twice the amount reserved or charged could be recovered. The illegal interest reserved and charged included in the note of $230 became a part of the note in question. That it contained interest in excess of the amount allowed by law, there can be no doubt. This note forms the basis for the note in litigation, and illegal interest included in this note in excess of the sum originally loaned would be interest which the note carried with it or which was agreed to be paid thereon. The illegal interest which was included in the $230 note is now a part of the $269 note, and, if it forms a part thereof, it is carried with the debt. Had the plaintiff desired to stand by his forfeiture of just the interest charged under the former law, then he should not have renewed the note; but when he renewed the note after the passage of the act of June, 1910, he brought his transaction under the terms of that act, which creates a forfeiture of twice the amount of the usurious interest which the note carries with it. There was no error in the instruction of the court.

The next assignment is that the court erred in assessing an attorney's fee of $50 against the plaintiff. In this we can see no error. Section 1006, Rev. Laws 1910, provides

that a reasonable attorney's fee in a sum not less than $10 shall be allowed the prevailing party, in actions brought under section 1005, *supra;* the sum to be fixed, by the court.

The judgment should therefore be affirmed.

By the Court: It is so ordered.