## GUNNESS v. STEVER et al.

No. 6725—Opinion Filed June 13, 1916.

Rehearing Denied July 11, 1916.

(158 Pac. 568.)

**Usury—Remedies of Parties—Counterclaim.**

An answer to a suit for the collection of a promissory note, and the foreclosure of a mortgage securing the same, which alleges that unlawful and usurious interest has been paid upon such note, does not state a defense, since the recovery of unlawful interest, which has been actually paid, can only be had in a separate action.

(Syllabus by Burford, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by Mina Gunness against Lydia N. Stever and others. Judgment for plaintiff for a portion of the amount demanded, and she appeals. Reversed.

Geo. A. Fitzsimmons, for plaintiff in error.

Stacy Wells and W. A. Smith, for defendants in error.

Opinion by BURFORD, C. This was an action instituted in the district court of Oklahoma county to recover upon a promissory note executed by Lydia N. Stever and others to one John Lundh, and to foreclose a mortgage securing same, of which note and mortgage the plaintiff, Mina Gunness, was the assignee. The defendants Stever answered, setting up that the original contract between their ancestor, Lydia N. Stever, who had died since the execution of the note to John Lundh, was usurious. The gist of the defense was that Lydia N. Stever had paid a commission of $150 to one John A. Burt. who was alleged to have been the agent of John Lundh. plaintiff's assignor. The amount of this commission, together with the interest paid, rendered the contract usurious. There was a demurrer. both general and special. to the answer, which was overruled by the

court, and the plaintiff then replied, denying the agency of Burt, and setting up that the matters alleged in the defendants' answer were not proper matters of set-off or counterclaim in the action. The various other defendants answered, setting up, either that the indebtedness had been paid, or declaring upon various judgments against some of the makers of the note in question, to which answers several replies in the forms of general denials were filed. Upon a trial the court found that Burt was the agent of Lundh, and deducted from the amount of the principal and interest all of the interest accrued, and, after giving credit on the principal for all payments which had been made, rendered judgment for the balance due. Both the overruling of the demurrer to the defendants' answer and the judgment of the trial court, rendered upon the reduction of the amount of principal and interest by the total amount of interest, constitute reversible error.

The questions involved are governed by section 3, art. 14, of the Constitution, as follows·

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm, or corporation taking or receiving the same, in an action in the nature of an action of debt, twice the amount of the interest so paid; provided, such action shall be brought within two years after the maturity of such usurious contract: provided, however, that this section may be subject to such changes as the Legislature may prescribe."

The note in question was given prior to the passage of section 1005, Rev. Laws 1910, but that section is not materially different from the provisions of the Constitution above quoted, except that in the statute the taking, receiving, or charging of a greater rate of interest than that allowed by law is a forfeiture of twice the amount of interest that the note or bill carries with it, and that the Legislature added a provision, requiring a written demand before suit could be brought for the return of the usury. In Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360, construing the provisions of the Constitution, and Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac 767, construing the statute, it is held that, although where interest is charged, but not actually paid, the penalty prescribed by law may be offset against the principal debt in a suit to collect such debt, yet when unlawful interest has been paid,

the penalty prescribed by law is not subject to be pleaded as such offset, and may be recovered only in a separate action. It is to be here noted that under the doctrine of Anderson v. Tatro, supra, and the provisions of the Constitution, such action must be against the party who received such unlawful interest, and may not be maintained against an assignee who has not received the payment of any unlawful interest. The trial court evidently proceeded upon the theory that the interest itself, as distinguished under the Constitution from the penalty of twice the amount, might be offset against the principal debt. But this theory can be sustained only when the unlawful interest has not been paid, and no such condition in this case is borne out by either the pleadings or the proof. It is, on the other hand, directly in conflict, both with the allegations of the answer and the proof in the case. The answer alleges, among other things:

"The defendants allege that the sum of $150 and the further charge of 10 per cent. per annum, computed on the sum of $3,000, was received and charged by the said agreement for the said loan of $2,850, and that the same constitutes an unlawful charge and exaction, and that the same was knowingly done by the plaintiff."

—and, again:

"And for further defense these defendants allege that the sum of $700 has been paid in liquidation of the principal of said indebtedness, and that the sum of $834 has been paid in pursuance of the unlawful charge and exaction for the use of the said sum of $2,850, and that by reason aforesaid plaintiff forfeits all interest agreed to be paid on said loan, and has become liable to these defendants for double the amount of said usurious interest, to wit, the sum of $1,668.00."

Although the answer is in places ambiguous, it seems clear from these allegations that the defendants intended to allege that an unlawful rate of interest had been paid, and that they ought to plead an offset of twice the amount of the unlawful interest, which was only due under the Constitution when the interest had been paid; the amount of the interest alone being forfeitable where such interest had not been paid.

Further, the proof seems to show definitely that the sum of $3,000 was placed to the credit of Lydia N Stever, in the bank, and that she drew a check for $150 to John A. Burt for his commission, and that it was this payment which made the charge upon the loan usurious.

Furthermore, the defendants Stever, in their brief assert "that defendants' ancestor, in addition to 10 per cent. interest, paid John A. Burt $150 commission." Neither the allegations of the answer, therefore, nor

the proof at the trial, under the authority of the cases above cited, stated or showed a defense to the plaintiff's petition, inasmuch as the unlawful interest paid could only be recovered in a separate action, and could not be used as an offset to the plaintiff's suit. There was no amendment of this answer sought, and under neither it nor the proof was the trial court justified in rendering the judgment which he did.

For the reasons given the judgment of the trial court is reversed, for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.