### BANK OF TUTTLE v. GORDON.

No. 5967—Opinion Filed Dec. 19, 1916.

(161 Pac. 1081.)

(Syllabus by the Court.)

**1 Usury—Recovery—Payment—What Constitutes—Constitution.**

The giving of a new note in renewal of a previous one is not a payment thereof as contemplated by section 3 of article 14 of the Constitution. This section contemplates an actual payment, and not a promise to pay in the future.

**2 Usury—"Demand"—Essentials.**

The "demand" required by second proviso to section 1005, Rev. Laws 1910 as a condition precedent to an action for the recovery of usurious interest paid should be for the entire amount which the party is entitled to recover, and not for the amount of interest in excess of the legal rate. Demand in this case held to be sufficient.

Error from District Court, Grady County; Frank M. Bailey, Judge.

Action by M. V. Gordon against the Bank of Tuttle, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

S. C. Durbin, for plaintiff in error.

Maurice Smith and J. W. Bartholomew, for defendant in error.

HARDY, J. Defendant in error brought suit in the district court of Grady county against the plaintiff in error to recover certain usury alleged to have been paid by him. The parties will be referred to as they appeared in the trial court. Judgment was rendered in favor of the plaintiff for the sum of $228, being double the amount of interest paid and $35 as an attorney's fee, and defendant prosecutes error.

The first and main contention of defendant is that there was no legal demand for the return of the usury paid, and that without such demand plaintiff could not maintain this action. The notice is said to be insufficient because it is a specific demand for the sum of $114, being the entire amount of interest claimed to have been paid by plaintiff, and is not for the amount of interest paid by him in excess of the legal rate. This question was determined adversely to the contention of defendant in Miller v. Oklahoma State Bank, 53 Okla. 616, 157 Pac. 767, where this court said:

"We also hold that under the second subdivision of said section 1005, where the borrower of money pays therefor a greater rate of interest than 10 per cent. per annum, he, or his legal representatives, may, within two years after maturity of such usurious con-

tract, recover from the person, firm, or corporation taking or receiving such interest twice the amount of the interest so paid, provided that before bringing such suit the party bringing the same must make written demand to the party to be sued for the payment of the sum so authorized by the statute to be recovered."

The demand is for the sum of $114, which is claimed to be due M. V. Gordon, was signed by G. L. Hamrick, and was deposited in the post office at Tuttle on March 13, 1913, and received by defendant on the same day. Suit was filed March 15th.

The statute does not prescribe any form of demand, but requires as a condition precedent to the right to maintain an action to recover the penalty prescribed thereby that the party must "make written demand for return of such usury." The demand apprised the defendant of the amount due and to whom, and it is apparent that Hamrick merely signed as the agent of plaintiff, and that defendant could not have been misled thereby, and by reference to its records could readily ascertain the justness of the claim and determine whether it would pay the amount or resist the claim.

No particular time is required to intervene between making demand and commencing suit, and no question appears to have been made in the trial court upon this point, and it cannot be urged here for the first time.

In summing up its argument upon the insufficiency of the demand, defendant in its brief says:

"The case was tried on the allegations of the plaintiff that he had made demand for a return of the entire interest which he claimed to have paid, and defendant throughout upon the ground that no demand for usury had been made. Upon that theory we believe the case is in this Supreme Court for review, and we confidently believe that it will be heard and decided upon the issues presented in the trial court."

From which it appears that the real issue submitted to the trial court was that the statute contemplated as a condition precedent to plaintiff's right of action that he make demand for the return of the interest paid in excess of the rate allowed by law, and that a demand for a different amount was not a compliance with the statute, and therefore such a demand would not entitle plaintiff to maintain this suit. But this question, as already stated, since the trial of this case in the lower court, was determined against defendant's contention in Miller v. State Bank, supra.

It is further urged that the court erred in treating the dealings between plaintiff and defendant as one transaction, and defendant claims there were in fact three separate and distinct transactions. The facts are that on January 10, 1911, plaintiff borrowed $400 from defendant for which he executed his note in the sum of $430, which was not paid at maturity, and thereafter executed two renewals, each of which was an extension of the previous indebtedness. It is claimed that no usury was charged in the last note, and that the first two notes were paid by the respective renewals, and that plaintiff's recovery should be reduced in the sum of $46, twice the amount of interest paid on the third note.

The court instructed the jury that, if they believed from the evidence that a note was given for which a usurious rate of interest was charged, and that such interest was not at the time of such charge paid, but was added into the note, and if such note was renewed, and if such usurious interest charged was carried into such usurious note, the renewal note would be equally tainted with usury as the original note. The giving of this instruction is assigned as error. The assignment cannot be sustained.

In Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360, it was held that the giving of a new note in renewal of a previous one was not payment of the earlier note as contemplated by section 3 of article 14 of the Constitution. In the opinion it was said:

"The evidence in this action shows that the plaintiff did not pay to the defendant the $690 as alleged in the first cause of action, but gave a renewal note for $762.45, which included seven months' interest. This note is the basis for recovery in the second cause of action. The giving of a new note in renewal of a previous one is not a payment of the earlier note as contemplated by section 3 of article 14 of the Constitution, as this section contemplates an actual payment, and not a promise to pay in the future. First Nat. Bank v. Lasater, 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408; Brown v. Marion Nat. Bank, 169 U. S. 416, 18 Sup. Ct. 390, 42 L. Ed. 801; Driesbach v. Nat. Bank, 104 U. S. 52, 26 L. Ed. 658; Rushing v. Bivens, 132 N. C. 273, 43 S. E. 798."

It is shown that the first two notes were usurious and were not paid when due, and that the original indebtedness entered into and became the consideration upon which the last note was based, and these facts bring this case within the rule declared in the case just cited.

No question is made as to the right of plaintiff to recover double the amount of usurious interest paid where demand is only made for the amount actually paid.

Finding no error in the record, the judgment is affirmed.

All the Justices concur.