## FIRST NAT. BANK OF HOBART v. HUTTON et al.

No. 5555—Opinion Filed May 15, 1917.

On Rehearing, July 31, 1917.

(166 Pac. 726.)

**1. Usury—Payment of Usury—Rights of Parties.**

Under the decided cases, a distinction is made in enforcing the penalty prescribed for "taking, receiving, reserving, or charging" usurious interest by section 3, art. 14, of the state Constitution, and section 1005, Rev. Laws 1910, depending upon whether or not usurious interest has been paid. If the usurious interest has been paid, it can only be recovered in a separate action brought for that purpose within two years, but if the usury has been contracted for and not paid, the penalty may be enforced in the action to recover the debt by way of offset.

**2. Usury—Defenses—Set-Off.**

In an action to recover the amount of a promissory note and to foreclose a real estate mortgage given to secure the same, where the defense is the payment of usurious interest, and a forfeiture of all interest is claimed, and the court finds that usurious interest has been paid, and that all interest should be forfeited, and allows all interest payments to be offset against the debt, held error, since usurious interest paid cannot be allowed as an offset in an action on the debt, and must be recovered in a separate action.

(Syllabus by Galbraith, C.)

Error from District Court, Kiowa County; Jas. R. Tolbert, Judge.

Action by the First National Bank of Hobart, a corporation, against Robert L. Hutton and others. There was a judgment for defendants, and plaintiff brings error. Reversed and remanded.

L. M. Keys, for plaintiff in error.

Rummons & Logan, for defendants in error.

Opinion by GALBRAITH, C. The plaintiff in error, the First National Bank of Hobart, commenced this action in the trial court, to recover judgment for the amount of a promissory note for $463, dated July 1, 1910, payable to its order on July 1, 1911, bearing interest from maturity at the rate of 10 per cent. per annum, and providing for the payment of attorney's fees in addition to the principal and interest in case of suit to collect the same, and signed by Robert L. Hutton and Laura N. Hutton. It was also sought to foreclose a real estate mortgage covering lots 4, 5, and 6, block 8, in the town of Roosevelt, Kiowa county, given by the makers of the note to secure the same.

It was alleged in the petition that no part of the note had been paid, and that default had been made in the mortgage. Judgment was prayed for the amount of the note, interest, and attorney's fees and cost, and for a foreclosure of the mortgage and a sale of the mortgaged property. It was also alleged that the Mangum Wholesale Grocery Company had some kind of lien on the mortgaged property, and that the same was inferior and subordinate to the plaintiff's lien thereon. The Huttons admitted the execution of the note and mortgage, but denied liability on the ground that usurious interest had been contracted for and paid on the note, and therefore all the interest in the debt had been forfeited, and that the amount of payments made, if credited on the indebtedness, more than paid the same. A reply was filed, denying that any usurious interest had been contracted for or paid to the plaintiff. A jury was waived, and the cause was tried to the court, the court finding that usurious interest had been contracted for and paid, and that all the interest on the debt was thereby forfeited, and that the payments made reduced the indebtedness to the sum of $34.07, for which amount, and an attorney's fee of $50, judgment was rendered in favor of the plaintiff against the makers of the note.

The court also found that there had been default in the conditions of the mortgage, and decreed a foreclosure thereon. The court also found that the lien of the Mangum Wholesale Grocery Company on the mortgaged property was inferior to the lien of the plaintiff, and was subject thereto. The correctness of this judgment is brought up for review by petition in error and case-made.

In the answer the execution of the note and mortgage was admitted, but liability on the same was denied. It was alleged that the original indebtedness on which the suit was based arose in this manner: That on April 11, 1903, defendants were made a loan by the First Bank of Roosevelt, a state banking corporation, of which E. F. Dunlap, the president of the First National Bank of Hobart, the plaintiff in error, was then a director; that they executed a note for $550, and received $517; that this note was made payable to E. F. Dunlap, and they executed a mortgage on the lots above described to secure the payment of the same; that the loan which this note and mortgage cover was made by the First Bank of Roosevelt, and Dunlap was named as payee on the note for the convenience of the bank, because of the real estate mortgage; that this note was due October 10, 1903; that at the maturity

of that note they were unable to pay it, and in order to secure an extension of time they agreed with the cashier of the First Bank of Roosevelt that they would pay interest on this $550 note at the rate of 2 per cent. a month, and they secured an extension and paid this rate of interest until October 24, 1905, and paid as interest during this time on the note the sum of $264; that no part of this sum was credited on the note, but it was all applied in the payment of the usurious interest agreed to be paid thereon; that on the 24th day of October, 1905, they paid $50 on the principal of the note, and that in order to secure an extension on the balance due on the note they agreed with the cashier of the Roosevelt bank to pay the interest at the rate of 18 per cent. per annum, and did pay interest on the principal of that note at that rate until the ——— day of December, 1907, and that the payments made on the usurious interest during that period up to September, 1907, amounted to $172.50; that on that date the Roosevelt bank was sold, but the purchasers refused to take this note and mortgage, and on account thereof the owners of the bank, E. F. Dunlap and his brother, were compelled to take this note with other papers in the bank that were rejected by the purchaser, and that about that time Dunlap assigned this note to the plaintiff bank, of which he was then president, and that the makers of the note entered into an agreement with the plaintiff that, in consideration of an extension of time to May, 1908, on said note they would pay interest thereon at the rate of 18 per cent. per annum, and that they did pay to the plaintiff as interest on said indebtedness during said period the sum of $60, no part of which was applied to the principal debt; that at the time said note was assigned to the plaintiff the payment of the principal and usurious interest made by the makers aggregated the sum of $463.50, leaving as a balance due on said note the sum of $63.50; that in order to secure an extension of time and to prevent a foreclosure of the mortgage the makers entered into an agreement with the plaintiff to extend the payment of said $500 note from April, 1908, to October 1, 1908, and that during said period of extension they paid on said indebtedness $175.68; that $58.33 of this amount was applied in the payment of usurious interest, and $117.35 was credited on the principal; that the note in suit represents the balance due on the $500 note after crediting the same with the payments and for which balance a renewal note was executed; that the payments made on said indebtedness aggregated more than the amount thereof; and that, all interest having been forfeited on account of the usurious interest contracted and paid, they prayed that plaintiff take nothing by its suit, and that they have judgment for costs.

A reply was filed in which the plaintiff denied that any usurious interest was contracted for or paid, and denied that the note in suit was a renewal note, but alleged that it was an original transaction, whereby a loan was made to the Huttons by the plaintiff to take up the note which they owed E. F. Dunlap on the First Bank of Roosevelt debt, and that this plaintiff had no knowledge of the usurious character of the several contracts made by the makers of the note with the said Dunlap and his agents. The court found that the several notes involved in this transaction were tainted with usury, and that the note in suit was a renewal of the prior note, and was subject to the penalty prescribed for taking and charging usurious interest, that the plaintiff was charged with the knowledge of its president, and that the usury had been contracted for and paid in connection with this indebtedness, and therefore all interest on account of the several notes and renewals had been forfeited, and all payments made as interest should be credited on the principal, and as reduced by these payments a small balance remained unpaid, for which judgment was rendered.

The findings of fact made by the court in the main sustain the allegations of the answer, and these findings are reasonably supported by the evidence, but the judgment rendered is erroneous for the reason that the law was not correctly applied to the facts found.

The penalty prescribed for "taking, receiving, reserving, or charging" usurious interest, under section 3, art. 14, of the Constitution is the forfeiture of all the interest, while the statute (section 1005, Rev. Laws 1910) names the penalty as the forfeiture of double the amount of interest that the note or bill carries with it.

In Miller et al. v. Oklahoma State Bank, 53 Okla. 616, 157 Pac. 767, this court makes a distinction in the manner of enforcing the penalty for usury where the interest has been paid and where it has simply been contracted for, as follows:

"From our investigation of the authorities, it appears the courts uniformly hold a debtor can defend against the payment of any interest, either legal or usurious, in a suit on a note on which usurious interest has been charged but not collected, and that to such extent the plaintiff's demand will be reduced. But where usurious interest has been paid, it is held a different rule applies, and that in

such case the debtor must bring a separate and independent action to recover double the interest paid, provided for by the statute."

Gunness v. Stever et al., 60 Okla. 24, 158 Pac. 568, was similar, in its main facts and the judgment rendered, to the instant case, and the trial court took the same view of the law. In reversing that judgment this court said, in part:

"In Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360, construing the provisions of the Constitution, and Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767, construing the statute, it is held that, although where interest is charged, but not actually paid, the penalty prescribed by law may be offset against the principal debt in a suit to collect such debt, yet when unlawful interest has been paid, the penalty prescribed by law is not subject to be pleaded as such offset, and may be recovered only in a separate action."

In the judgment appealed from the court allowed something like $300 that had been paid as interest to be offset in the action on the note, which, under the law, cannot be done.

This cause was tried in the court below and presented to this court, and has been so considered here, on the theory that the state Constitution and statute governed in the controversy, notwithstanding the fact that the contract in suit was entered into with a national bank and would ordinarily be controlled by section 5198, Rev. St. U. S. (Comp. St. 1916, p. 6113), and this view was taken presumably because the original usurious contract in the instant case was entered into with the First State Bank of Roosevelt, a state banking corporation. The result of the suit, however, will be the same, whether the state or the federal statute be regarded as controlling, owing to the similarity of the provisions of these laws on the subject of usurious contracts. Miller v. Oklahoma State Bank, 53 Okla. 616, 627-630, 157 Pac. 767.

The judgment appealed from should therefore be reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.

### On Rehearing.

PER CURIAM. It is asserted by the defendants in error in their petition for rehearing filed herein that section 1005, Rev. Laws 1910, has no application to the remedy or to their rights in the instant case, inasmuch as the indebtedness involved was created prior to the adoption of the Constitution and prior to the enactment of section 1005, Rev. Laws 1910. It would seem that this court, in the case of Walker v. Daharsh et al., 52 Okla. 766, 153 Pac. 880, has decided this question adversely to such contention. The syllabus of that case reads: "An usurious contract was entered into prior to the passage of section 1005, Rev. Laws 1910. Subsequent to the adoption of that section, the debt was renewed, and the usurious interest was carried into the renewal note. Held, that the defendant was entitled to a forfeiture of twice the amount of usurious interest which the note carried with it or which was agreed to be paid thereon."

The record shows that the usurious contract in the instant case was entered into prior to the enactment of section 1005, but a part of the debt evidenced by the contract was carried forward and included in the note in suit, which bears date of July 1, 1910, subsequent to the time of the taking effect of section 1005. Therefore Walker v. Daharsh et al., supra, is controlling, and section 1005 is applicable to the instant case.

The former opinion filed herein is adhered to, and the petition for rehearing denied.