## TINGLEY v. HAMMERT et al.

No. 7140—Opinion Filed Nov. 6, 1917.

(168 Pac. 791.)

### Usury—Action for Penalty — Demand—Necessity.

A demand in writing for the return of usurious interest paid is a prerequisite to the right to maintain an action to recover double the amount thereof, under section 1005, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

Error from County Court, Caddo County; C. Ross Hume, Judge.

Action by Charles Tingley against B. W. Hammert and Willie Edwards. Judgment for defendants, and plaintiff brings error. Affirmed upon condition as to defendant Edwards.

Bristow & McFayden, for plaintiff in error.

H. W. Morgan, for defendants in error.

Opinion by GALBRAITH, C. This was an action in replevin, instituted in the trial court by the plaintiff in error to recover the possession of two horses. The right to the possession of the horses was alleged to be by virtue of a special interest therein on account of a chattel mortgage given by the defendant Willie Edwards, to secure the payment of his promissory note for $125. The maturity of the debt was alleged and

the failure to pay and the breach of the mortgage, and that the horses were in the possession of the defendant in error B. W. Hammert, claiming the same under a second mortgage. The defendants filed separate answers. Edwards admitted the execution of the note and mortgage, but claimed that the same had been fully paid, and that no amount was due thereon, and in a counter-claim charged that he had not only paid the principal and interest due on the note, but had been compelled to and had paid usurious interest thereon to the amount of $16, and prayed for a judgment over and against the plaintiff for double the amount of such interests and costs. The defendant in error Hammert, in addition to a general denial, alleged his special interest in the horses, and prayed that his right to the possession be sustained. There was a trial to the court and a jury, and a verdict returned for the defendant Hammert, and for the defendant Willie Edwards, fixing the amount of his recovery at $35. Judgment was rendered on the verdict, to review which this appeal has been prosecuted.

The assignments of error are two: (1) That there was no demand for the return of the usury prior to the filing of the cross-petition; and (2) to the instructions of the court in submitting the issue of usury to the jury.

The record clearly shows that there was no demand for the return of the usury prior to the filing of the cross-petition. We understand the rule to be settled in this jurisdiction that, under section 1005, Rev. Laws 1910, authorizing the recovery of double the amount of usury paid, the demand for the return of the usury so paid is a prerequisite to the right to maintain an action thereon.

In Citizens' State Bank of Ft. Gibson v. Strahan et al., 63 Okla. 288, 165 Pac. 189, the court in its opinion, after quoting section 1005 of the statute, and quoting from the opinion of the court in Miller et al. v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac 767, says:

"Therefore, we take it, that it is settled law in this jurisdiction that, before commencing an action of this kind, the plaintiff is required to make written demand of the party to whom said usurious interest has been paid of the sum authorized by the statute to be recovered; that is, twice the amount of interest so paid."

And further along in the opinion the court said:

"The object of requiring the plaintiff to make demand before the commencement of his action undoubtedly is to offer the defendant an opportunity to refund the penalty imposed upon him by statute by taking a rate of interest greater than is allowed by law, without being put to the expense and inconvenience of litigation. In these instances, any demand which notifies the lender that the borrower intends to claim the benefits given him by the usury law constitutes a substantial compliance with the provisions of section 1005, Rev. Laws 1910, relative to the written demand for the return of the usury paid."

It therefore appears that the first assignment is well taken, and that in the absence of a demand in writing for the return of the usury paid an action to recover it cannot be maintained.

Again the evidence shows that the usury in the instant case had been paid, and under authority of First National Bank of Hobart v. Hutton, 64 Okla. 198, 166 Pac. 726, it was not the subject of offset in a cross-petition in this action. In an action arising prior to the taking effect of the act of March 4, 1916 (Session Laws 1916, p. 24), a recovery for usury paid can only be had in a separate action for that purpose.

It, therefore, appears that each of these assignments is well taken. However, it is suggested in the brief of the defendants in error that if the assignments be sustained, it ought not to work a reversal of the cause, inasmuch as the effects of the errors may be eliminated by Willie Edwards remitting the amount of the judgment in his favor, and that he is willing to do this. We are inclined to accept this suggestion.

It is therefore ordered that the judgment appealed from be affirmed on condition that Willie Edwards, within 20 days from this date, file with the clerk of this court a remittitur of the judgment for $35 and interest in his favor, and upon his failure to do so the judgment appealed from should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.