## DANIELS v. BUNCH et al.

No. 7963—Opinion Filed Jan. 29, 1918.

(172 Pac. 1086.)

**1 Usury — Penalty — Set-Off Against Debt.**

In enforcing the penalty for taking, receiving, reserving, and charging usurious interest prescribed by section 3, art. 14, Oklahoma Constitution, and section 1005. Rev. Laws 1910, a distinction is made depending upon whether or not the usurious interest has been paid. If usury has been contracted for and not paid, the penalty may be pleaded by the defendant as a set-off in an action to recover the debt; but if such usurious interest has been paid, it cannot be set up as a defense in an action to recover the debt, but can only be recovered in a separate action brought for that purpose within two years, according to the provisions of section 1005, Rev. Laws 1910.

**2. Same.**

In an action to recover the amount of a promissory note, and to foreclose a real estate mortgage given to secure the same, where the defense is the payment of usurious interest, and a forfeiture of all interest is claimed, and the court finds that usurious interest has been paid, and that all interest should be forfeited, and allows all interest payments to be offset against the debt, held error, since usurious interest paid cannot be allowed as an offset in an action on the debt, and must be recovered in a separate action.

**3. Bills and Notes — Holder in Due Course —Burden of Proof—Statute.**

When it is shown that the title of any person who has negotiated a negotiable instrument is defective, the burden is on the holder to prove that he or some one under whom he claims acquired title to the instrument as a holder in due course without notice of any infirmities save under the exception provided in section 4109, Rev. Laws 1910; and unless he proves this to the satisfaction of the court or jury, he is not entitled to recover against the maker.

**4. Bills and Notes — Usury — "Defective Title"—Statute.**

The exaction of usury on loans for which a negotiable promissory note is executed renders the consideration for said note illegal, and the title of the person taking such note is defective within the meaning of section 4105, Rev. Laws 1910, to the extent of such usury.

(Syllabus by Rummons, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Mary A. Daniels against Abel N. Bunch and others. Judgment for plaintiff for a sum less than her demand, and she brings error. Reversed and remanded.

Charles B. Mitchell and H. A. Kroeger, for plaintiff in error.

H. B. Lockett, for defendant in error Bunch.

Opinion by RUMMONS, C. The parties appear here as they appeared below, and will be so designated. The plaintiff commenced this action against the defendant A. N. Bunch and others to recover judgment upon promissory note for the sum of $350, and for the sum of $10.50 interest represented by coupons attached to the principal note, and to foreclose a mortgage upon real estate in Stephens county given to secure said note. The defendant Bunch answered admitting the execution of the note and mortgage sued upon, and alleging that at the time he executed said note and mortgage he executed various other notes and mortgages in connection therewith; that he made application to the Deming Investment company for a loan of $550; that the Deming Investment Company lent him said sum, requiring of him as a condition to procuring such loan that he obligate himself to pay in addition to the sum of $550 the sum of more than $239, and as evidence thereof required him to sign obligations to various persons, all of which obligations have been paid by the defendant, except the note sued on herein; that the sums charged for the use of said money are in excess of 10 per cent. interest, and usurious; that by reason of such usury, under the provisions of section 3, art. 14, Constitution of Oklahoma, and section 1005, Rev. Laws 1910, double the sum charged, to wit, $478, had been forfeited, and prayed judgment forfeiting the note and interest coupons sued on, canceling the mortgage, and for attorney's fees and costs. The plaintiff replied denying the plea of usury, and alleging that if usury was in fact exacted by the Deming Investment Company it was done without her knowledge, and that plaintiff was an innocent purchaser of the note sued on for value before maturity and without notice of said usury.

The record discloses that at the time the sum of $550 was lent the defendant Bunch by the Deming Investment Company, in consideration thereof on May 20, 1908, he gave the note for $350 sued on, maturing May 1, 1913, and bearing interest at 6 per cent. per annum from date, payable semiannually, such interest being represented by coupon notes attached to the principal note; one note for $50, maturing November 1, 1909, bearing interest at 6 per cent. per annum, payable semi-annually, according to the coupons attached; one note for $50, ma-

turing May 1, 1910, bearing interest at 6 per cent. per annum from date according to coupons attached. These three notes were payable to the Deming Investment Company, and secured by a first mortgage on the real estate of defendant. The evidence further discloses that these three notes were indorsed and transferred by the Deming Investment Company to the plaintiff for their face value before maturity, and the mortgage securing them duly assigned by the Deming Investment Company to plaintiff. The defendant at the same time also executed a note for $75, payable November 1, 1908, to J. T. Miller, with interest at the rate of 10 per cent. from maturity; a note for $73.50, payable to J. T. Miller on May 1, 1909, with interest at 10 per cent. per annum from maturity; a note for $22, payable November 1, 1909, to J. T. Miller, with interest at 10 per cent. per annum from maturity; a note for $22, payable November 1, 1910, to J. T. Miller, with interest at 10 per cent. per annum from maturity. All of these notes have been paid, except the note for $350, and the interest coupon for $10.50, maturing May 1, 1913.

The court found the contract usurious, and that the plaintiff had not shown herself to be an innocent purchaser of said note without notice of said usurious transaction: the court found that the interest in the transaction should be forfeited, and further found that the amount of the loan made to defendant, after deducting the amount theretofore paid by defendant, and without interest, was $131.96, and rendered judgment for plaintiff in said sum, together with costs of the action.

The plaintiff complains of several errors committed by the trial court, but as this case must be reversed, it will only be necessary for us to consider two of the errors assigned. The first is, that inasmuch as the evidence showed that all of the alleged usurious interest had been paid except the last interest coupon amounting to $10.50, the court was only authorized to deduct and forfeit the sum of $21. This assignment of error seems to be well taken. Upon a computation of the various notes executed by the defendant for the loan of $550, it seems that the finding of the trial court that the transaction was tainted with usury is supported by the evidence. The evidence, however, discloses that in this transaction the three notes, one for $350, and two for $50, each constituted the principal debt, and were secured by the first mortgage debt upon the real estate of the defendant. The remaining $100 of the loan and the interest

charged were absorbed in the five notes executed to J. T. Miller; one for $75, one for $73.50, and three for $22 each. We are therefore unable to agree with counsel for the defendants that the trial court was unable to say which of the notes represented the principal, and which of said notes represented interest. So far as $100 of the loan remaining after the notes for $450 were executed is concerned, there is some difficulty, but inasmuch as the five notes which included this $100 and interest in excess of 6 per cent. on the $450 have been paid, it is not material which of these notes represented the $100 principal, and which represented the excess interest.

It is now well settled by this court that in enforcing the penalty for "taking, receiving, reserving and charging" usurious interest prescribed by section 3, art. 14, Oklahoma Constitution, and section 1005, Rev. Laws 1910, a distinction is made depending upon whether or not the usurious interest has been paid. If usury has been contracted for, but not paid, the penalty may be set up by the defendant by way of set-off in an action to recover the debt. If the usurious interest has been paid, however, the amount thereof or the penalty prescribed therefor cannot be set up by way of set-off by the defendant in an action to recover the debt, but can only be recovered in a separate action brought for that purpose within two years in accordance with the provisions of section 1005, Rev. Laws 1910. First National Bank of Hobart v. Hutton, 64 Okla. 198, 166 Pac. 726; Gunness v. Stever, 60 Okla. 24, 158 Pac. 568; Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360. It is therefore clear that all the interest contracted for having been paid except the sum of $10.50, the trial court erred in deducting more than the sum of $21 from the debt.

One other contention of the plaintiff remains to be disposed of. It is urged that when it was shown that the plaintiff had paid value for the note indorsed to her and sued on herein before maturity, that the burden of proof to show that she had notice of the usury if usury be found to exist was upon the defendants. Unfortunately for the plaintiff this court has held adversely to her contention. Section 4102, Rev. Laws 1910, provides:

"A holder in due course is a holder who has taken the instrument under the following conditions: First. That it is complete and regular upon its face. Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. Third. That he took it in good faith and.

for value. Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

By section 4105, Rev. Laws 1910, it is provided:

"The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereof, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud."

Section 4106, Rev. Laws 1910, provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Section 4109 provides:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

Construing these sections of our statute, this court has held in Gourley v. Pioneer Loan Co., 51 Okla. 434, 151 Pac. 1072, as follows:

"Where the maker of a note establishes that the note has been diverted or negotiated in violation of an agreement under which it was given, the burden is on the holder to prove that he, or some one under whom he claims, acquired title to the note as a holder in due course, and without notice of any infirmity; and, unless he proves this to the satisfaction of the court or jury, he is not entitled to recover against the maker."

In the case of Lambert v. Smith, 53 Okla. 606, 157 Pac. 909, in the syllabus it is said:

"The purchaser of a negotiable instrument, in order to be a holder in due course, must come within the requirements of section 4102, Rev. Laws 1910, defining such holder. When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 4109, Rev. Laws 1910.

Instructions placing the burden of proving knowledge of infirmity in a negotiable instrument upon the defendant, except in the class of cases provided for in the latter part of section 4109, Rev. Laws 1910, constitutes reversible error. Such instructions relieve the plaintiff holder of making proof of a fact necessary to a recovery, and impose upon the defendant maker the additional duty of establishing to the jury's satisfaction a fact not necessary to his defense."

The exaction of usury on loans for which a negotiable promissory note is executed is an illegal consideration within the terms of section 4105, supra; 8 C. J. 987. This being the case under the authority of Gourley v. Pioneer Loan Co. and Lambert v. Smith, supra, we are constrained to hold that the findings of the trial court that the plaintiff had not established the fact that she was an innocent purchaser of the note sued on without notice of the usurious transaction is not against the weight of the evidence, and we are therefore unwilling to disturb the same. The plaintiff did not testify in the case, and while there is no evidence tending to prove notice upon her part of the usurious transaction it is equally true that there is not sufficient evidence of want of notice on her part to maintain the burden of proof which the law places upon her.

The judgment of the trial court should be reversed, and this cause remanded, with instructions to the trial court to proceed in accordance with this opinion.

By the Court: It is so ordered.