**ELSON v. WALKER et al.**

No. 9877—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

1. Usury — "Payment" — Giving Renewal Note.

The giving of a new note in renewal of a previous one is not a payment thereof as contemplated by section 3 of article 14 of the Constitution, and section 1005, Rev. Laws of Oklahoma, 1910. These sections contemplate an actual payment, and not a promise to pay in the future.

2. Same—Change of Payee in Note—Effect.

The mere change of the payee in a promissory note is not a payment of usury, but it is the creation of a new contract, and discharges the obligors of the old obligation; and if the usury on the old debt be carried into the new contract, so as to constitute any part of the sum agreed to be paid by it, the new contract is tainted, and the obligor has his remedy under the statute.

3. Appeal and Error—Review—Sufficiency of Evidence.

A verdict and judgment will not be disturbed by this court if there is any competent evidence reasonably tending to support the same, but if there is no competent evidence upon which a judgment might reasonably be based, such judgment will be reversed.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by R. H. Walker and Anna Walker against L. Elson for recovery of penalty for usury. Judgment for plaintiffs and defendant brings error. Reversed and remanded.

Embry, Johnson & Kidd, for plaintiff in error.

J. Q. A. Harrod, for defendants in error.

NICHOLSON, J. This action was instituted in the district court of Oklahoma county by the defendants in error, against the plaintiff in error, to recover the sum of $910.36, alleged to be twice the amount of usurious interest paid the plaintiff in error by defendants in error. The parties will be hereinafter referred to as they appeared in the trial court. The cause was tried to a jury, and a verdict returned in favor of the plaintiffs for the sum of $606.14, upon which judgment was entered.

It appears from the record that on December 8, 1910, the plaintiffs were indebted to the defendant in the sum of $352.65, which indebtedness ran until May 21, 1915, without payment of either principal or interest; that on the 21st day of May, 1915, the plaintiffs borrowed a further sum of $50 from the defendant and gave him a note payable to the order of Stella M. Nash, his daughter, for the sum of $857.84, payable November 1, 1917, with interest at 10 per cent. per annum from maturity. This note was, in March, 1916, sold to the Luther State Bank, and in December, 1916, the plaintiffs, acting through their attorney, settled said note with the Luther State Bank by paying the sum of $600, and obtaining the note and a release of the mortgage securing it, and the defendant paid the bank the difference between the $600 paid by plaintiffs and the face of the note and accrued interest.

There is a conflict in the evidence as to the items that went to make up the amount of this note, the defendant claiming that it included the $352.65, with interest thereon from December 8, 1910, to May 21, 1915, the sum of $50 that day loaned the plaintiffs' and the sum of $115.44 advanced by defendant on February 7, 1913, for the purpose of paying rental owed by the plaintiffs on a school land lease, and the sum of $36.38 advanced by defendant on February 10, 1913, for the purpose of paying taxes owed by the plaintiffs. The plaintiffs admitted the items of $352.65 and $50. R. H. Walker, one of the plaintiffs, first denied that the defendant had advanced the sums of $115.44 and $36.68, but afterwards admitted that these sums had been paid by the defendant, but said that he had repaid the defendant these amounts about ten days after they had been paid.

The plaintiffs claim that they borrowed $857.84 from Mrs. Nash and paid the defendant the sum of $807.84 of the money, and that the difference between $352.65 and $807.84, to wit, the sum of $455.19, represents interest that the defendant charged them for the use of $352.65 for four years, five months, and 13 days.

The defendant contends that the giving of the note to Mrs. Nash was merely a renewal of the old note; that the plaintiffs did not pay him any sum whatever on the original indebtedness, and that no part of the indebtedness was paid until December, 1916, when the plaintiffs and the Luther State Bank made settlement, and that then the plaintiffs paid less than the debt and the lawful interest.

We have searched the record diligently and are unable to find any competent evidence showing that the plaintiffs paid the defendant the indebtedness owing him on May 21, 1915, and which was included in the note of $857.84. The only evidence indicating that such payments had been made was the mere conclusions of the plaintiffs, R. H. Walker, on direct examination, that the money was turned over to the defendant through Mrs. Nash. On cross-examination he testified that he had not paid the defendant any money whatever since 1910; that the only payments he had ever made were by notes. He testified that he did not know Mrs. Nash; that the only payment he had ever made to defendant was by giving him the new note, and that he supposed he paid him when he gave this note. The defendant testified that the plaintiffs had not paid him any amount whatever on said indebtedness, and that he never received any money thereon from anyone. He further testified that Stella M. Nash was his daughter; that

he had some of her money to loan; that she resided in Ohio; that he kept the note executed to her by the plaintiffs with his papers until March, 1916, when she came to Oklahoma, and he gave the note to her and she indorsed it to the Luther State Bank; that neither Mrs. Nash nor anyone for her ever paid him any money whatever on said note.

The giving of a new note in renewal of a previous one is not a payment thereof as contemplated by section 3, art. 14, of the Constitution, or by section 1005, Rev. Laws of Oklahoma, 1910. These sections contemplate an actual payment, and not a promise to pay in the future. Bank of Tuttle v. Gordon, 63 Okla. 47, 161 Pac. 1081; Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360; Brown v. Marion National Bank, 169 U. S. 416, 42 L. Ed. 80.

The mere change of the payee in the note was not a payment of usury, but it was the creation of a new contract and discharged the plaintiffs on the old obligation, and if any usury on the old debt was carried into the new contract so as to constitute any part of the sum agreed to be paid by it, the new contract was tainted, and plaintiffs had their remedy under the statute. Fitzpatrick v. Apperson, 79 Ky. 272; Kendall v. Crouch (Ky.) 11 S. W. 587; Robbins v. Muldrow, 39 Kan. 112, 18 Pac. 64.

The plaintiffs evidently did not consider the note to Mrs. Nash as payment of the old indebtedness, inasmuch as they effected a compromise with the bank, the holder of the note, by which they obtained the note upon payment of the sum of $600, an amount much less than the face of the note.

While it is the settled rule in this court that a verdict based upon conflicting testimony will not be disturbed where there is evidence reasonably tending to support such verdict, yet in a case where there is no competent evidence reasonably tending to support a verdict and judgment, it will be reversed.

Plaintiffs having failed to prove by competent evidence the one material allegation of their petition, viz., that they had paid the usury, the court erred in overruling the defendant's motion for a new trial.

It is unnecessary to consider the other assignments of error presented.

For the reason stated, the judgment is reversed and the cause remanded for a new trial.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING. JJ., concur.